**METFIRST FINANCIAL COMPANY, Plaintiff–Appellee,**

v.

**Clifford R. PRICE, Defendant–Appellant.**

**No. 92–1531.**

United States Court of Appeals, Seventh Circuit.

Submitted March 2, 1993.

Decided April 15, 1993.

Martha E. Tjossem, James P. Mullally, Michael Simkin, Richard Oronow, Shapiro & Kreisman, Deerfield, IL, Rosemary B. Kopriva, Mariclare O'Connor, Elizabeth Sewruk, Shapiro & Kreisman, Northbrook, IL, for plaintiff-appellee.

Rodney H. Brooks, Russell C. Green, Alexander, Fennerty & Green, Chicago, IL, for defendant-appellant.

Before POSNER and KANNE, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

POSNER, Circuit Judge.

This diversity suit to foreclose a mortgage raises an important interpretive question—on which, surprisingly, there appear to be no published cases—concerning the Illinois statute governing foreclosure sales.

The plaintiff, Metfirst, holder of a mortgage on the house of the defendant, Price, obtained a judgment of foreclosure pursuant to which it sold the house on December 11, 1992. Metfirst had previously scheduled, then cancelled, several sales and before each scheduled sale had sent Price or his lawyer the notice required by Ill.Rev. Stat. ch. 110, ¶ 15–1507(c). But Metfirst notified no one of the last sale, the December 11 sale that actually took place. Price discovered that the house had been sold, and appeared (without counsel) at the hearing held by the district court on whether to approve the sale. The court approved the sale at that hearing but stayed its approval for one week, apparently to give Price an opportunity to consult counsel. At the end of the week Price's counsel filed a motion to set aside the sale on the ground of lack of proper notice. Metfirst replied that the statute does not require fresh notice of any sale occurring within sixty days of a sale (of which notice had duly been given) that had been cancelled. The district judge agreed with Metfirst and at the conclusion of the hearing dismissed the motion, terminating the proceedings in the district court and clearing the way for Price to appeal from the refusal to set aside the sale.

The principal ground on which Metfirst urges us to affirm the district court's ruling is one that it did not present to that court—that the motion to set aside the sale was fatally defective because unaccompanied by a bond. Price argues that Metfirst has waived this ground by failing to present it to the district court. Although this is a diversity suit, the issue of waiver is governed by federal rather than by state law because it concerns the division of responsibilities within the federal court system, specifically, between trial and appellate courts in that system. *Coplay Cement Co. v. Willis & Paul Group*, 983 F.2d 1435, 1438 (7th Cir.1993). We have not found a case which so holds with reference to waiver, but many cases, illustrated by *Alexander v. Erie Insurance Exchange*, 982 F.2d 1153, 1157 n. 5 (7th Cir.1993), and *Bank Leumi LeIsrael, B.M. v. Lee*, 928 F.2d 232, 235 (7th Cir.1991), so assume. It is true that *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1085–86

(3d Cir.1991), held that a rule of state law making governmental immunity a nonwaivable defense was controlling in a diversity suit. But although procedural in form, the rule had a substantive objective or objectives—to minimize judgments against public agencies, and perhaps also to limit the power of executive-branch officials to undo decisions on scope of liability made by the legislative branch. The rule, unlike the waiver doctrine applicable to this case, was not concerned with the internal operations of the judicial system.

There was no waiver here. The district judge held a hearing on Price's motion, and denied the motion, the same day Price filed it, with the result that Metfirst lacked an adequate opportunity to study the motion carefully for defects. *Property & Casualty Insurance, Ltd. v. Central National Insurance Co.*, 936 F.2d 319, 323 n. 7 (7th Cir.1991). The issue that Metfirst raises for the first time in this court is, moreover, a pure issue of law; and Price had a full opportunity to address it in his reply brief to Metfirst's appellee's brief. The apparent reason for Metfirst's switching grounds between the district court and this court is that the sixty-day notice provision on which it relies was added to the law after the judgment of foreclosure, although before the sale. Compare Ill.Rev.Stat. ch. 110, ¶ 15–1507(c)(4) (1987), with Ill.Rev.Stat. ch. 110, ¶ 15–1507(c)(4) (1990). The new law might of course, as a merely procedural change, apply to the sale, *Rivard v. Chicago Fire Fighters Union*, 122 Ill.2d 303, 119 Ill.Dec. 336, 340, 522 N.E.2d 1195, 1199 (1988), but Metfirst does not argue that, preferring to rely on an alternative ground (the failure to post a bond or other guaranty)—which, in the circumstances, it is entitled to do.

 So we come to the merits. Ill. Rev.Stat. ch. 110, ¶ 15–1508(c), provides that if a foreclosure sale does not comply with the statutory requirement of notice, a party entitled to notice may, "by motion ... made prior to confirmation of such sale, ask the court which entered the judgment to set aside the sale, provided that such party shall guarantee or secure by bond a bid equal to the successful bid at the prior sale." Price never secured by bond, or otherwise guaranteed, a bid equal to the price at which the property was sold at the foreclosure sale. But he argues that the guaranty is a prerequisite not to the motion but only to the actual setting aside of the sale, so that the judge should have granted the motion and allowed Price a reasonable time within which to post a bond. This argument is not foreclosed by the language of the statute, which fails to specify the time at which the guaranty must be made. But it would defeat the statute's purpose to allow the guaranty to lag the motion. The purpose of the requirement is to protect the mortgagee, here Metfirst, against losing the sale as a result of a nonmeritorious motion to set it aside that (before it is ruled on, and held to be nonmeritorious) frightens the buyer away, killing what may have been an advantageous sale. If the motion is allowed to pend for any length of time before the guaranty is effective, the mortgagee will be unprotected against this eventuality. We therefore interpret the statute to require that the motion be accompanied by the bond or other guaranty.

We suppose that in a suitable case the movant might be allowed to supplement his motion after it was filed, but this is not such a case, for we are not impressed by Price's argument that the court's "instantaneous disposition" of his motion surprised him. The court had already approved the sale, and it merely stayed its approval till the filing of the motion. Price could therefore expect that the motion would be decided forthwith, especially since the approval of the sale was being stayed meanwhile, putting Metfirst at risk of losing the sale. In these circumstances, it behooved Price to arrange for the guaranty that the statute requires—if in fact he was capable of matching the successful bid at the foreclosure sale—before he filed the motion.

AFFIRMED.