2 F.3d 1153
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
FIREMAN'S FUND MORTGAGE CORPORATION, Plaintiff-Appellee,
v.
Doris BROWN, Defendant-Appellant.
 No. 91-3529.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 12, 1993.*
Decided Aug. 18, 1993.
 
 Before POSNER, FLAUM and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 This action under the diversity jurisdiction led to a judgment of foreclosure on October 1, 1988. The period of redemption expired on March 10, 1989, and on that date defendant Doris Brown filed a bankruptcy action to avert enforcement of the judgment. The bankruptcy judge lifted the automatic stay, but, just as the lender was about to foreclose, Brown filed a second petition in bankruptcy. This second bankruptcy case was dismissed, and the property was sold at auction. Plaintiff, formerly known as Manufacturers Hanover Mortgage Corporation, bid the debt at the auction, bought the property, and conveyed it to the Department of Housing and Urban Development, which had guaranteed part of the loan. HUD sold the property to a third party. Meanwhile the district judge confirmed the sale, declining to entertain Brown's objection that she had not received proper notice.
 
 
 2
 According to the lender, the case is moot because the property is in a third party's hands. A bona fide purchaser for value cannot be required to surrender the property, but if, as Brown contends, the lender failed to give the required notice, it might be required to pay damages measured by the difference between the price realized at the sale and the fair market value of the property. The lender also asserts that we lack jurisdiction to review the bankruptcy judge's order releasing the automatic stay. But that is not the judgment Brown asks us to review. She has appealed the order confirming the sale, and this final decision of the diversity action is within our appellate jurisdiction.
 
 
 3
 Nonetheless, in diversity cases protests to foreclosure sales are resolved under state law, here Illinois. A borrower who contends that he did not receive proper notice of the sale must post a bond ensuring the lender the price realized at auction. 735 Ill.Comp.Stat. Sec. 5/15-1508. Brown did not post the necessary bond and therefore cannot complain that the sale was confirmed. Metfirst Financial Co. v. Price, 991 F.2d 414 (7th Cir.1993).
 
 AFFIRMED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record