Richard WORTHINGTON, Plaintiff–Appellant/Cross–Appellee,

v.

Dave WILSON and Jeff Wall, Defendants–Appellees,

and

Village of Peoria Heights, Defendant/Cross–Appellant.

Nos. 92–2273, 92–2425.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 6, 1993.

Decided Nov. 12, 1993.

1254

Gary L. Morris, Peoria, IL (argued), for plaintiff-appellee.

Richard Worthington, pro se.

Charles D. Knell, Jeanne L. Wysocki (argued), Quinn, Johnston, Henderson & Pretorius, Peoria, IL, for defendants and defendant-appellant.

Before MANION and ROVNER, Circuit Judges, and PELL, Senior Circuit Judge.

MANION, Circuit Judge.

In his 42 U.S.C. § 1983 complaint, Richard Worthington claimed that while being arrested the arresting officers purposely injured him. When he filed suit on the day the statute of limitations expired, he named "three unknown named police officers" as defendants. Worthington later sought to amend the complaint to substitute police officers Dave Wilson and Jeff Wall for the unknown officers. The district court concluded that the relation back doctrine of Fed. R.Civ.P. 15(c) did not apply, and dismissed the · amended complaint. *Worthington v. Wilson,* 790 F.Supp. 829 (C.D.Ill.1992). We affirm.

## I.

On February 25, 1989, Richard Worthington was arrested by a police officer in the Peoria Heights Police Department. At the time of his arrest, Worthington had an injured left hand, and he advised the arresting officer of his injury. According to Worthington's complaint, the arresting officer responded by grabbing Worthington's injured hand and twisting it, prompting Worthington to push the officer away and tell him to "take it easy." A second police officer arrived at the scene, and Worthington was wrestled to the ground and handcuffed. The police officers then hoisted Worthington from the ground by the handcuffs, which caused him to suffer broken bones in his left hand.

Exactly two years later, on February 25, 1991, Worthington filed a five-count complaint in the Circuit Court of Peoria County, Illinois, against the Village of Peoria Heights and "three unknown named police officers," stating the above facts and alleging that he was deprived of his constitutional rights in violation of 42 U.S.C. § 1983. Counts one

through three of the complaint named the police officers in their personal and official capacities, and alleged a variety of damages. Counts four and five named the Village of Peoria Heights, and alleged that it was liable for the police officers' conduct based on the doctrine of respondeat superior.

The Village removed the action to federal court and sought dismissal under Fed. R.Civ.P. 12(b)(6) for the reason that respondeat superior was not a valid basis for imposing liability against it under § 1983. At a hearing on the motion to dismiss, Worthington voluntarily dismissed his claims against the Village and obtained leave to file an amended complaint. The Village thereafter moved for sanctions against Worthington and his counsel under Fed.R.Civ.P. 11. In the motion, the Village argued that Worthington's attempt to state a § 1983 claim against it on the basis of respondeat superior was contrary to *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and therefore in violation of Rule 11.

On June 17, 1991, Worthington filed an amended complaint in which he substituted as the defendants Dave Wilson and Jeff Wall, two of the twelve or so members of the Peoria Heights Police Department, for the "unknown named police officers" who arrested him on February 25, 1989. Wilson and Wall moved to dismiss the amended complaint primarily on grounds that Illinois' two-year statute of limitations expired, Ill.Ann. Stat. ch. 735, ¶ 5/13–202 (Smith–Hurd 1993), and that the amendment did not relate back to the filing of the original complaint under Rule 15(c). Worthington responded to this motion, and a hearing was conducted before a magistrate judge on October 31, 1991.

On December 19, 1991, the magistrate judge recommended that Wilson's and Wall's motion to dismiss and the Village's motion for sanctions should be granted. Worthington filed objections to these recommendations, to which the defendants responded.

On March 17, 1992, the district judge held a hearing on the objections to the magistrate judge's recommendations. Prior to the hearing, the district judge notified the parties that Rule 15(c), on which Wilson and Wall based their argument, had been amended effective December 1, 1991, and asked them to address the effect of this amendment on the motion to dismiss.

On April 27, 1992, the district judge granted Wilson's and Wall's motion to dismiss the amended complaint under revised Rule 15(c) and denied the Village's motion for sanctions. *Worthington v. Wilson*, 790 F.Supp. 829 (C.D.Ill.1992). Worthington appeals this dismissal. The Village cross-appeals the denial of sanctions.

## II.

■ Rule 15(c) was amended to provide broader "relation back" of pleadings when a plaintiff seeks to amend his complaint to change defendants. Rule 15(c) as amended December 1, 1991, provides, in pertinent part:

An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleadings, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(j) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Prior to this amendment, the standard for relation back under Rule 15(c) was set out in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986):

The four prerequisites to a 'relation back' amendment under Rule 15(c) are: (1) the basic claim must have arisen out of the conduct set forth in the original pleading;

(2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the proscribed limitations period.

*Id.* at 29, 106 S.Ct. at 2384.

The Advisory Committee Notes to amended Rule 15(c) indicate that the amendment repudiates the holding in *Schiavone* that notice of a lawsuit's pendency must be given within the applicable statute of limitations period. The Advisory Committee stated:

> An intended defendant who is notified of an action within the period allowed by [Rule 4(j)] for service of a summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name, provided that the requirements of clauses (A) and (B) have been met. If the notice requirement is met within the [Rule 4(j)] period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification.

Fed.R.Civ.P. 15(c), Advisory Committee Notes (1991 Amendment).

In the order amending Rule 15(c), the Supreme Court expressed its intention that "insofar as just and practicable," the amendment governs cases pending in the district courts on December 1, 1991. Order Adopting Amendments to Federal Rules of Civil Procedure, 111 S.Ct. 813 (Apr. 30, 1991).

In this case, Wilson and Wall did not know of Worthington's action before the limitations period expired, as was required by *Schiavone,* but they were aware of its pendency within the extra 120 days provided by new Rule 15(c). *Worthington,* 790 F.Supp. at 833. Since the amendment was decisive to the issue of "notice," the district judge retroactively applied new Rule 15(c), finding it "just and practicable" to do so. *Id.* at 833–34. We have no need to consider the retroactivity of amended Rule 15(c) as it might apply in this case because Worthington's

amended complaint did not relate back under either the old or new version of Rule 15(c).

Both versions of Rule 15(c) require that the new defendants "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." In *Wood v. Worachek,* 618 F.2d 1225 (7th Cir. 1980), we construed the "mistake" requirement of Rule 15(c):

> A plaintiff may usually amend his complaint under Rule 15(c) to change the theory or statute under which recovery is sought; or to correct a misnomer of plaintiff where the proper party plaintiff is in court; or to change the capacity in which the plaintiff sues; or to substitute or add as plaintiff the real party interest; or to add additional plaintiffs where the action, as originally brought, was a class action. Thus, amendment with relation back is generally permitted in order to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued. But a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run.

> \*    \*    \*    \*    \*    \*

> Rule 15(c)(2) [current Rule 15(c)(3)] permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, there is a lack of knowledge of the proper party. Thus, in the absence of a mistake in the identification of the proper party, it is irrelevant for the purposes of Rule 15(c)(2) [current Rule 15(c)(3)] whether or not the purported substitute party knew or should have known that the action would have been brought against him.

*Id.* at 1229 & 1230 (citation omitted). *See also Norton v. International Harvester Co.,* 627 F.2d 18, 22–23 (7th Cir.1980); *Rylewicz v. Beaton Serv., Ltd.,* 888 F.2d 1175, 1181 (7th Cir.1989). *Compare Hill v. Shelander,* 924 F.2d 1370 (7th Cir.1991). The record shows that there was no mistake concerning

the identity of the police officers. At oral argument, counsel for Worthington indicated that he did not decide to file suit until one or two days before the statute of limitations had expired. At that point, neither Worthington nor his counsel knew the names of the two police officers who allegedly committed the offense. Thus, the complaint was filed against "unknown police officers." Because Worthington's failure to name Wilson and Wall was due to a lack of knowledge as to their identity, and not a mistake in their names, Worthington was prevented from availing himself of the relation back doctrine of Rule 15(c).

Worthington argues that the amended complaint should relate back based on the district judge's proposed reading of Rule 15(c) as not having a separate "mistake" requirement. The district judge construed the word "mistake" to mean "change the party or the naming of the party." *Worthington*, 790 F.Supp. at 835. This construction, however, ignores the continuing vitality of *Wood*'s holding which interprets the "mistake" requirement under the old version of Rule 15(c). That holding remains unaffected by the 1991 amendment to Rule 15(c).

■ Worthington argues alternatively that equitable tolling should bar Wilson and Wall from asserting a statute of limitations defense because the officers fraudulently concealed their identity from him. *See Davis v. Frapolly*, 742 F.Supp. 971, 974 (N.D.Ill. 1990). Worthington concedes that he only mentioned the tolling argument obliquely in his pleadings. The district judge raised the tolling argument *sua sponte* at the hearing on the motion to dismiss. This appeal is the first time that the parties have had an opportunity to fully brief the tolling argument, so it is not waived. *Property & Casualty Ins. Ltd. v. Central Nat'l Ins. Co.*, 936 F.2d 319, 323 n. 7 (7th Cir.1991); *Met First Fin. Co. v. Price*, 991 F.2d 414, 416 (7th Cir.1993).

■ Under Illinois law, a plaintiff who alleges fraudulent concealment to toll the statute of limitations must set forth affirmative acts or words by the defendants which prevented him from discovering their identity. *See, e.g., Foster v. Plaut*, No. 1–91–1974, 1993

WL 325529 *5–7, 1993 Ill.App. LEXIS 1315, *13–15 (1st Dist. Aug. 27, 1993). "Mere silence of the defendant and the mere failure on the part of the plaintiff to learn of a cause of action do not amount to fraudulent concealment." *Id.* 1993 WL 325529 at *5, Worthington states that he "was in too much pain to think clearly and seek the names of the officers immediately"; that "law enforcement avoided revealing the names of the arresting officers by offering [him] a very generous plea bargain before the discovery process even began"; that he accepted the plea bargain, "[c]onfident that the names could be learned by other means"; and, that the " 'other means' turned out to be completely fruitless" because the police department "completely stonewalled" his attempts to uncover Wilson's and Wall's names. These statements negate any claim of fraudulent concealment. They do not establish that either Wilson or Wall concealed his identity from Worthington. Nor do they establish that the Peoria Heights Police Department engaged in any conduct designed to deceive Worthington. The statements suggest that the failure to name Wilson and Wall was due to Worthington's own lack of diligence in learning their identity.

■ On cross-appeal, the Village argues that Rule 11 sanctions were warranted against Worthington's counsel and should have been imposed. In denying Rule 11 sanctions, the district judge stated:

> ... [T]his court is without power to sanction [Worthington's lawyer's] conduct in this instance. While Rule 11 would authorize sanctions for such a filing in this court, it does not authorize sanctions for a pleading initially filed in state court which is later removed to federal court. [....]. The first complaint, which contained the reference to respondeat superior, was filed in Peoria County Circuit Court and is therefore outside the reach of this court's sanction power under Rule 11. The amended complaint, which was filed in this court, contained no reference to respondeat superior. The Defendants' motion for sanctions is accordingly denied.

*Worthington*, 790 F.Supp. at 838 (citations omitted). As the district judge recognized,

he was not authorized to sanction counsel for a pleading filed prior to removal of the case to federal court. *Burda v. M. Ecker Co.,* 2 F.3d 769, 773 (7th Cir.1993); *Schoenberger v. Oselka,* 909 F.2d 1086, 1087 (7th Cir.1990); *Dahnke v. Teamsters Local 695,* 906 F.2d 1192, 1201 (7th Cir.1990).

### III.

We conclude that the amendment adding Wilson and Wall failed to satisfy the "mistake" requirement of Rule 15(c). As a result, relation back was precluded, and Worthington's complaint was time-barred under Illinois law. Furthermore, Rule 11 did not authorize sanctions against Worthington's counsel for his state court pleadings in a removed case.

AFFIRMED.