**Bennie CUNNINGHAM, Plaintiff,**

v.

**Correctional Officer EYMAN, Correctional Officer Curry, Correctional Officer Williams, Correctional Officer Schneider, Marguerite Gabele, John O'Malley, Thomas Burke, Kevin O'Malley, William Herr, Defendants.**

No. 95 C 2900.

United States District Court, N.D. Illinois, Eastern Division.

April 6, 1998.

970

Bennie Cunningham, pro se.

James Thomas Farnan, Guth & Coughlin, Ltd., Chicago, IL, for Plaintiff.

Susan Takata O'Leary, Illinois Department of Corrections, Chicago, IL, James Patrick Doran, Illinois Attorney General's Office, Criminal Appeals Division, Chicago, IL, for Defendants Eyman, Curry, Williams Schneider.

Scott R. Lassar, United States Attorney's Office, Chicago, IL, for Defendants Marguerite Gabele, John O'Malley, Thomas Burke, Kevin O'Malley, William Herr.

### MEMORANDUM AND ORDER

MORAN, Senior District Judge.

Plaintiff Bennie Cunningham originally filed a claim on May 15, 1995, alleging that his civil rights were violated by several unnamed deputy U.S. Marshals while he was a prisoner of the State of Illinois and that he was entitled to relief under 42 U.S.C. § 1983. He amended this claim to name the marshals individually on February 5, 1997. The named marshals now move to dismiss Cunningham's claim. For the reasons stated below, we grant their motion in part and deny their motion in part.

### BACKGROUND

In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, we accept all well pled factual allegations in the complaint as true and draw all reasonable inferences from these facts in

favor of the plaintiff. *Travel All Over the World, Inc. v. The Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429 (7th Cir.1996). Read in this light, the facts are as follows:

On August 10, 1993, defendant Bennie Cunningham, an Illinois prison inmate in the custody of Illinois state correctional officers, was being temporarily housed in the U.S. Marshal's lockup in the Dirksen Federal Building while waiting to testify as a witness in a fellow inmate's civil rights trial. The marshals in custody of Cunningham were Marguerite Gabele, John O'Malley, Thomas Burke, Kevin O'Malley and William Herr. They placed Cunningham, who wore a zippered jumpsuit, in restraints which restricted his movement to the extent that he was unable to undress sufficiently to use the toilet. He remained in the jumpsuit and restraints from 9:00 a.m. to 4:00 p.m. on August 10, 1993. At some point during the morning of August 10, Cunningham asked the marshals to remove his restraints so that he could use the toilet, but they refused. As a result, plaintiff was forced to urinate and defecate in his clothing.

### *ANALYSIS*

#### A. Motion to Dismiss: Standards

In order to have a claim dismissed under Rule 12(b)(6) the moving party must meet a high standard. The purpose of a motion to dismiss is to test the sufficiency of a complaint, not its merits. *Triad Associates, Inc. v. Chicago Housing Authority*, 892 F.2d 583, 586 (7th Cir.1989), *cert. denied*, 498 U.S. 845, 111 S.Ct. 129, 112 L.Ed.2d 97 (1990). A complaint should not be dismissed for failure to state a claim "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In order to withstand a motion to dismiss a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir.1988). Generally, "mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985).

#### B. Introduction

Relying on § 1983, plaintiff Cunningham's third amended complaint alleges that the marshals are liable in both their individual and official capacities for violating his constitutional right to be free from cruel and unusual punishment. The marshals have moved to dismiss Cunningham's claim on several alternative grounds. First, they argue that to the extent Cunningham seeks to hold them liable in their official capacities, they are protected by the doctrine of sovereign immunity. Second, they argue that to the extent Cunningham seeks to hold them liable in their personal capacities, he has failed to meet the administrative-remedy exhaustion requirement of the Prisoner Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a). Finally, and in the alternative, they argue that Cunningham has failed to allege that he suffered any physical injury, as required by another section of the Act, § 1997e(e), and that they are consequently not liable in either their individual or official capacities. For the reasons stated below, we grant defendants' motion to dismiss the official-capacity claim, and deny it with respect to the individual-capacity claim.

#### C. The Physical Injury Requirement of Section 1997e(e)

When Cunningham filed his original claim on May 15, 1995, the law at the time provided that prisoners whose federal constitutional rights were violated by state or federal officials had the right to recover for any resulting emotional or psychological injury sustained as a result, regardless of whether there was any accompanying physical injury. Cunningham properly filed his action, claiming only emotional and psychological injuries. Because he did not know the identities of the marshals present on the day of the incident, however, he did not name them as defendants in the original complaint. Rather, he addressed it to "John Doe U.S. Marshals." On April 26, 1996, the Prison Litigation Reform Act of 1995 became effective. The Act eliminated recovery for emotional or psychological injury alone, and instead required plaintiffs to show a physical injury before recovering for these mental damages. On

February 5, 1997, Cunningham amended his complaint for the third time, naming each marshal and adding them as defendants in their official and individual capacities. We must determine what law applies to Cunningham's case—the law in effect at the time of filing or the amended statute in effect at the time Cunningham named the marshals individually.

Various courts have addressed the issue of whether the Prison Litigation Reform Act, and particularly portions of § 1997e, have retroactive effect. For example, in *Wright v. Morris* (discussed more comprehensively *infra*) the Sixth Circuit determined that § 1997e(a), which requires prisoners to exhaust administrative remedies before bringing a Section 1983 action, would not be applied retroactively because Congress had not expressed such intent in the statutory language and because to do so would conflict with the Supreme Court's decision in *Landgraf v. USI Film Products,* discussed *infra.* 111 F.3d 414 (1997), *cert. denied* —— U.S. ——, 118 S.Ct. 263, 139 L.Ed.2d 190 (1997).

Similarly, in *Weaver v. Clarke,* the court ruled that § 1997e(d) (substantially limiting the circumstances in which attorneys representing prisoners are entitled to seek an award of attorneys' fees for such representation) would not be applied to attorneys already representing prisoners at the time the statute became effective, because to hold otherwise would cause "manifest injustice" to attorneys in the process of representation. 933 F.Supp. 831 (D.Neb.1996), *aff'd* 120 F.3d 852 (1997).

At this point, however, it appears that no court has considered the retroactivity of § 1997e(e), the provision at issue in this case, which provides:

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

■ When a case implicates a federal statute (or amendments to a federal statute) that was enacted after the occurrence of the events giving rise to the suit, the court must first determine whether Congress has expressly prescribed the statute's proper reach. *Landgraf v. USI Film Products,* 511 U.S. 244, 280, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). If Congress has done so, there is no need to resort to judicial default rules. *Id.* However, if the statute contains no such express command, the court must "determine whether the new statute would have retroactive effect, *i.e.,* whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result." *Id.* Courts thus generally refrain from applying new statutes that "affect[ ] substantive rights, liabilities or duties" to pending actions. *Chow v. I.N.S.,* 113 F.3d 659, 665 (7th Cir.1997), *citing Landgraf,* 511 U.S. at 278, 114 S.Ct. 1483.

■ Although the language used by Congress in drafting this particular provision is not dispositive of the issue (in that the language is neither explicitly retrospective nor clearly prospective in nature), the Supreme Court's analysis in *Landgraf* leads us to conclude that § 1997e(e) should not be applied retroactively. Under the *Landgraf* reasoning, § 1997e(e) would have a retroactive effect if applied to Cunningham's case. At the time of the incident Cunningham and all prisoners had the right to recover for mental and emotional injuries sustained while they were in custody, regardless of whether they suffered any accompanying physical injury. Thus, in his original complaint Cunningham was able to state a valid claim against the marshals without alleging a physical injury. If we apply § 1997e(e) to Cunningham's case, we remove a right he possessed at the time of his alleged wrong.

Defendants argue, however, that even if the amendments to § 1997e(e) were not intended to apply retroactively, they still govern Cunningham's case because the third amended complaint does not relate back to the date on which he filed his original complaint and thus must be treated as a new cause of action. Pursuant to the Federal Rules of Civil Procedure, amendments adding parties to pleadings will only be deemed to relate back to the date of the original

filing if the requirements of Rule 15(c)(3) are satisfied, and defendants claim the rule has not been met. If Cunningham's third amended complaint does not meet the relation-back test, defendants argue that the physical injury requirement of 1996 amendments will apply because Cunningham's complaint against the individual marshals will have been filed after the effective date of the Act.

There are several problems with this argument. First, defendants' reasoning runs directly into the retroactivity problem addressed above, a problem which neither party addresses. Defendants take the position that if Cunningham' third amended complaint does not relate back to the date of his original filing, the case against the now named individually named marshals would be governed by the amended § 1997(e), which includes the physical injury requirement. Although the marshals do not say so explicitly, they presumably base this argument on the long-standing tenet of statutory construction, which holds that "a court is to apply the law in effect at the time it renders its decision." *Bradley v. School Board of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). This principle, however, appears to conflict with the widely held conviction that "[r]etroactivity is not favored in the law," and the resulting rule that "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result," *Bowen v. Georgetown Univ. Hospital,* 488 U.S. 204, 208, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), and it is this dichotomy that the Supreme Court in *Landgraf* set out to reconcile. As discussed above, the *Landgraf* analysis leads us to conclude that because application of the 1996 amendments would bar Cunningham from exercising the right he held at the time of his injury (to recover for emotional injury without accompanying physical damage), the statute would have a retroactive effect which we would only apply if the statute contained a specific instruction from Congress to do so.

Moreover, the relation-back issue is not as clear as defendants' arguments suggest. Under Rule 15(c)(3) an "amendment changes the party or the naming of the party against whom a claim is asserted if" the claim asserted against the new party "arose out of the conduct, transaction, or occurrence set forth" in the original pleading, and

> within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew of should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c)(3). Both the notice and the knowledge required must occur within 120 days from the filing of the complaint, as provided by Rule 4(m), or within any "additional time resulting from any extension ordered by the court pursuant to that rule ..." Fed.R.Civ.P., Advisory Committee's Comment to 1991 Amendment.

In this case, the claim against the individual marshals in Cunningham's third amended complaint on February 5, 1997, clearly arises from the same transaction or occurrence described in his first complaint. The dates, however, would have to be thoroughly reviewed to determine by what point the individual marshals must have received notice of the suit. Cunningham's cause of action accrued on August 10, 1993, the day the alleged civil rights violation occurred. The statute of limitations on that action is two years. Cunningham filed suit on May 15, 1995, several months within the limitations period. On January 8, 1997, the court tolled the statute of limitations until a reasonable time after the marshals provided the information needed for Cunningham to discover the names of the marshals present at the incident and name them in an amended complaint. *Cunningham v. Correctional Officer Curry,* No. 95 C 2900, 1997 WL 11232, January 8, 1997. He filed his third amended complaint, naming the individual defendants on February 5, 1997, well after the statutory limitations period had run but within the extended term designated by the court.

Defendants argue that the amended complaint cannot relate back under the Seventh Circuit's opinion in *Sassi v. Breier,* 584 F.2d

234, 235 (7th Cir.1978). In *Sassi*, the plaintiff brought suit against several police officers whom he named as "John Doe," because he was unable to determine their true identities. *Id.* at 234. After the statute of limitations had run, plaintiff attempted to amend his complaint to name the officers individually. *Id.* The court ruled, however, that the amendments did not relate back to the filing of the original complaint, and were consequently time-barred by the expired statute of limitations, because defendant had proved it had no knowledge of the proceedings within the Rule 15(c)(3) period. Defendants in this case argue that *Sassi* prohibits relation-back in this case because the individual marshals did not receive notice of the pending charges against them within either the applicable two-year statute of limitations or the Rule 4(m) period of 120 days after the filing of the complaint. In making this argument, however, they apply the statute of limitations from the date of the original wrong (August 10, 1993), and the 120–day period from the date of the filing of the original complaint, without regard to the tolling of the statute of limitations, until a reasonable time after January 8, 1997. Given the fact that within this "reasonable time" the marshals were not only named in the original complaint but were also noticed and served, it seems clear that they did have notice of the action pending against them within the "period provided by Rule(m)," as extended by an order tolling the statute of limitations.

Defendants next argue that the amended complaint does not relate back to the date of the original filing because plaintiff was never "mistaken" about the identity of the U.S. marshals, as the text of Rule 15(c)(3) requires. Relying on *Worthington v. Wilson*, defendants acknowledge that Cunningham lacked the information necessary to name the defendants in the complaint, but argue that such lack of knowledge does not constitute the "mistake" of identity required for relation-back of amended pleadings under Rule 15(c)(3). 8 F.3d 1253, 1257 (7th Cir.1993). In *Worthington*, plaintiff timely filed a complaint against "unknown police officers" because at the time of his filing neither plaintiff nor his counsel knew the names of the police officer defendants. *Id.* By the time plaintiff knew the individual officers' names, the stat-

ute of limitations had run on the original claim, but plaintiff argued that the amended complaint (which named the officers individually) related back to the date of the original filing under Rule 15(c)(d). *Id.* The Seventh Circuit, however, ruled that "because [plaintiff's] failure to name [the individual defendants] was due to a lack of knowledge as to their identity, and not a mistake in their names, [plaintiff] was prevented from availing himself of the relation back doctrine of Rule 15(c)[ (3) ]." *Id.* The court also rejected plaintiff's argument that the statute of limitations should be equitably tolled because the defendants had fraudulently concealed their identities from plaintiff, holding that under Illinois law "[m]ere silence of the defendant and the mere failure on the part of the plaintiff to learn of a cause of action do not amount to fraudulent concealment." *Id., quoting Foster v. Plant*, WL 324429 at *5–7 (Ill.App.1993). Thus, the court concluded that the evidence suggested "that the failure to name [the individual officers] was due to [plaintiff's] own lack of diligence in learning their identity," rather than the officers' attempts to conceal their names. *Id.*

It is true, of course, that Cunningham, like the plaintiff in *Worthington*, was not "mistaken" about the marshals' identities in the strictest sense of the term. However, *Worthington* is distinguishable from the instant case for several reasons. In *Worthington*, the court considered the relation-back doctrine and Rule 15(c)(3) for the purpose of determining whether the plaintiff's case against the individual police officers was time-barred by the expired statute of limitations. In Cunningham's case, by contrast, the statute of limitations has been equitably tolled by court order. Thus it is clear that the suit against the individual marshals is not time-barred. However, the fact that the statute of limitations has been tolled does not necessarily solve the relation-back problem in this case because the question here is not whether Cunningham's claim is time-barred, but, instead, what law this court must apply to the case against the individual marshals. Even so, we think it would be inconsistent for us to hold that the third amended complaint relates back for the purpose of adding the named defendants, but not for the pur-

pose of determining what substantive law governs these claims. Another difference between this case and *Worthington* is that while the Seventh Circuit ruled that the plaintiff's failure to name the defendants individually was largely due to his own lack of diligence, we have already ruled that plaintiff had exercised due diligence in seeking to identify the unnamed marshals but had not been successful until this court ordered the marshals to produce the necessary names.

The above reasoning leads us to conclude that Cunningham's amended complaint probably does relate back. Even so, under *Landgraf* any application of § 1997e(e) would still be retroactive. Accordingly, we find that § 1997e(e) does not apply to this case and defendants' motion to dismiss on that ground is denied.

**D. Sovereign Immunity for Federal Officers in "Official–Capacity" Suits**

■ Defendants also argue that Cunningham's claims against them in their official capacities lacks subject matter jurisdiction under the sovereign immunity doctrine and consequently must be dismissed. Under the doctrine of sovereign immunity the United States is generally immune from suits both at law and in equity unless it expressly waives such immunity and consents to be sued. *See, e.g., United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Consent is thus a prerequisite for jurisdiction over the United States as a party. *Id.*

■ It is true, as Cunningham asserts, that in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics* the Supreme Court permitted lawsuits against federal officers for constitutional violations, even though no statute specifically conferred such a right. 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Keeping in conformity with the law of sovereign immunity, however, such suits may be brought against federal officers only in their individual capacities, unless the plaintiff can establish that the United States has consented to the suit. In this case, Cunningham is unable to point to any evidence indicating that the United States has consented to be sued, except perhaps insofar as the Federal Tort Claims Act might apply. *See* 28 U.S.C.

§ 1346. However, Cunningham neither posed a Claims Act argument nor complied with the procedural prerequisites to bringing an action under that statute. Accordingly, the marshals' motion to dismiss the official capacity claims must be granted.

**1. The Individual–Capacity Claims and Exhaustion of Administrative Remedies**

■ The marshals also argue that Cunningham's claim against them in their individual capacities is barred because Cunningham failed to exhaust his administrative remedies before bringing suit in federal court. The administrative exhaustion requirement is another section enacted as part of the Prison Litigation Reform Act of 1995. Thus, we are again faced with the issue of whether subsection (a) applies to a case that was already pending at the time the Act became effective. We hold that it does not.

As mentioned above, in *Wright v. Morris* the Sixth Circuit considered the issue of whether § 1997e(a) would apply to cases filed before the Act's effective date. 111 F.3d 414 (6th Cir.1997). The court ruled that it would not be applied retroactively for two reasons: First, the language of the statute provides:

(a) **Applicability of Administrative remedies.** No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Sixth Circuit found that the language, "shall be brought," reflected Congress' intent that the statute operate only prospectively. *Wright,* 111 F.3d at 418. Second, the *Wright* court found that even if the language had indicated it should apply retroactively, such application would be prohibited by the *Landgraf* decision, where the court also ruled that

[a] new rule concerning the filing of complaints would not govern an action in which the complaint had already been properly filed under the old regime, and the promulgation of a new rule of evidence would not

require an appellate remand for a new trial.

511 U.S. at 275 n. 29, 114 S.Ct. 1483 (1994). We agree with the Sixth Circuit's analysis and conclude that the administrative exhaustion requirement should not be applied to Cunningham's claim. Accordingly, defendants' motion to dismiss on that ground is likewise denied.[1]

### CONCLUSION

For the reasons stated above, we grant defendants' motion to dismiss with respect to the official-capacity claim but deny it with respects to the individual-capacity claims.

---

1. While this case survives the statutory changes, we recognize that the potential damages are rather limited. It is unfortunate, especially in those circumstances, that it has generated so many legal issues and even more briefs. We hope this matter can be brought to an expeditious conclusion.