PUBLISH

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

------------------------------------------

No. 97-2283

------------------------------------------

D. C. Docket No. 88-32-CIV-T-24A

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
2/18/03
THOMAS K. KAHN
CLERK

WALTER L. POWERS, JR. and JOICELYN H. POWERS, individually and on behalf of a class,

Plaintiffs-Appellants,

versus

STUART GRAFF; JAMES PADGETT, et al.,

Defendants-Appellees.

----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

----------------------------------------------------------------

(August 3, 1998)

Before EDMONDSON and BIRCH, Circuit Judges, and LAWSON*, District Judge.

_____

*Honorable Hugh Lawson, U.S. District Judge for the Middle District of Georgia, sitting by designation.

**EDMONDSON, Circuit Judge:**

Plaintiffs -- a class of individuals alleging federal securities law violations -- appeal the district court's grant of summary judgment for Defendants, officers of the Stuart-James Company (a penny-stock brokerage company). The company was involved in securities transactions with or for Plaintiffs. The district court concluded that Plaintiffs' Fourth Amended Complaint adding Defendants did not relate back to the original filing of the class action. The court then granted Defendants' motion for summary judgment because the claim was barred by the statute of limitations. Because the district court did not err in refusing to allow the Fourth Amended Complaint to relate back to the date of the original filing, we affirm.[1]

---

[1] Plaintiffs, in their many amended complaints, named a number of defendants, including Stuart-James Company, "John Does 1-1,000" (unknown brokers), known brokers, and the individual defendants involved in this appeal: Stuart Graff, C. James Padgett, and Marc Geman, control persons of

## Background

A certified class of Florida plaintiffs, represented by Walter and Joicelyn Powers, filed a complaint in Florida state court against the Stuart-James Company, Inc., Rex Alan Field (the Powers' broker), and John Does 1-1,000 (representing all Florida-based Stuart-James brokers and brokers who sold securities to Florida residents). The plaintiff class included Florida residents who purchased specific securities from Stuart-James between May 1984 and January 1988. The claims were based on alleged wrongdoing by the company and its brokers: Stuart-James's manipulation of the market for certain securities.[2]

Stuart-James. All of Plaintiffs' claims, except those against the individual control persons of Stuart-James, have been disposed of in the district court and are not before us.

[2]Plaintiffs now argue that their original complaint was based on acts Plaintiffs believed to be the acts of "rogue" brokers. But as discussed in this opinion, Plaintiffs alleged

The case was removed to federal court; and Plaintiffs sought to and did amend their complaint several times. The Original Complaint, filed 8 December 1987, named as defendants the company and all brokers dealing with Florida residents during the relevant period. The First Amended Complaint added a claim for violation of section 10(b) of the Securities and Exchange Act. The Second Amended Complaint deleted the "John Doe" brokers and enlarged the class to include all purchasers of securities from Stuart-James nationwide.[3] The Third Amended Complaint refined or corrected certain jurisdictional allegations. The Fourth Amended Complaint, with which we are concerned in this appeal, was filed on 13 December 1990;[4] this amendment added

---

wrongdoing on the part of the company, not just its agents, from the start of the litigation.

[3]This new class was seemingly certified by the district court.

[4]This date was beyond the statute of limitations for filing the pertinent claims against Defendants.

4

Graff, Padgett, Geman, and 50 other Stuart-James control persons as defendants.[5]

## Discussion

Plaintiffs' claims were disposed of pursuant to a motion for summary judgment filed by Defendants in accord with Federal Rule of Civil Procedure 56. But the essence of this appeal is not Rule 56. "When a plaintiff amends a complaint to add a defendant, but the plaintiff does so after the running of the relevant statute of limitations, then Rule 15(c)(3) controls

---

[5]Control, or controlling, persons are defined in the Securities and Exchange Act:

> Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable . . . .

15 U.S.C. § 78t(a) (1994).

whether the amended complaint may 'relate back' to the filing of the original complaint and thereby escape a timeliness objection."  <u>Wilson v. United States</u>, 23 F.3d 559, 562 (1st Cir. 1994).  Rule 15, in relevant part, sets forth these standards:

> (c) Relation Back of Amendments.  An amendment of a pleading relates back to the date of the original pleading when
>
> > . . . .
> > (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> > (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

6

Application of Rule 15(c) is reviewed for abuse of discretion. See Andrews v. Lakeshore Rehabilitation Hosp., 140 F.3d 1405, 1409 n.6 (11th Cir. 1998). But the findings of fact necessary for application of the rule are reviewed for clear error. See Gerritsen v. Consulado General De Mexico, 989 F.2d 340, 344 (9th Cir. 1993); cf. McCurry v. Allen, 688 F.2d 581, 585 (8th Cir. 1982).[6]

Plaintiffs mainly contend that the district court's decision about relation back was contrary to our decision in Itel Capital

---

[6]Although we generally review grants of summary judgment de novo, this appeal is not really a review of the grant of summary judgment. Instead the appeal is a review of the district court's prerequisite decision not to allow the Plaintiffs' Fourth Amended Complaint to relate back to the date of the original pleading. Once we review that preliminary decision of the district court, the legal issue of whether the claims are barred by the statute of limitations can be determined de novo. But in this case, no party seems to dispute that, if the amended complaint does not relate back, the claims against Defendants are time barred; we agree.

Corp. v. Cups Coal Co., 707 F.2d 1253 (11th Cir. 1983).  We disagree.

In Itel, we made a fact-based decision that the amended complaint should relate back because the facts established that all of the requirements of Rule 15 were met.  We concluded, based on the facts of that case, that the added defendant, a 97% owner of the corporation named in the original complaint, was on notice of the action from the time of the original complaint. We wrote that the owner "knew or should have known, but for a mistake by Itel, . . . he would have been named as a defendant when the complaint was filed."  Id. at 1258.  Itel established no general rules about suits originally filed against a corporation where the plaintiff later attempts to add corporate control persons or owners as individual defendants.

Although the relation back provisions of Rule 15 are to be somewhat liberally applied, the purpose of the provision does not support relation back in cases like this one:  cases where

the newly added defendants were known to the plaintiff before the running of the statute of limitations and where the potential defendants should not necessarily have known that, absent a mistake by the plaintiff, they would have been sued. When relation back is too liberally allowed the important policy reasons for limitations periods are circumvented. Cf. Wells v. HBO & Co., 813 F. Supp. 1561, 1567 (N.D. Ga. 1992) ("Rule 15(c) plainly provides that potential defendants are entitled to repose after a certain period unless they know they have escaped suit only by mistake.").

The purpose of Rule 15(c) is to permit amended complaints to relate back to original filings for statute of limitations purposes when the amended complaint is correcting a mistake about the identity of the defendant. See Worthington v. Wilson, 8 F.3d 1253, 1256 (7th Cir. 1993) (Relation back applies where the amendment is made "to correct a misnomer of a defendant where the proper defendant is already before the court and the

9

effect is merely to correct the name under which he is sued.").

See generally Hill v. United States Postal Serv., 961 F.2d 153 (11th Cir. 1992) (permitting pro se plaintiff's amended complaint to relate back when he mistakenly named postal service instead of postmaster as defendant, contrary to statutory requirements); see also Schiavone v. Fortune, 106 S.Ct. 2379 (1986). "[The Rule] permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where . . . there is a lack of knowledge of the proper party." Worthington, 8 F.3d at 1256 (emphasis added).

"A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose -- unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were." Rendall-Speranza v. Nassim, 107 F.3d 913, 918 (D.C. Cir.

1997). Contrary to this idea, Plaintiffs argue that they are entitled to relation back because, although they knew early in the litigation that Defendants controlled Stuart-James (a named defendant), Plaintiffs did not learn until later that the control persons might be proper defendants.

We disagree that these alleged facts entitle Plaintiffs to relation back. "The Advisory Committee Notes (1991) state that Rule 15(c) deals with 'the problem of a misnamed defendant.' . . . Nothing in the Rule or in the Notes indicates that the provision applies to a plaintiff who was fully aware of the potential defendant's identity but not of its responsibility for the harm alleged." Id.

Before the statute of limitations period ran, Plaintiffs knew Defendants' identities.[7] As the district court seemingly found,

---

[7]No later than April 1988, the date of Defendant Geman's deposition, the details of Stuart-James's ownership and management structure were known to Plaintiffs. At that point, if not sooner, the identity of Stuart-James's control persons was known.

11

only when Stuart-James faced possible insolvency did Plaintiffs amend their complaint to add these known Defendants. "[E]ven the most liberal interpretation of 'mistake' cannot include a deliberate decision not to sue a party whose identity plaintiff knew from the outset." <u>Wells</u>, 813 F. Supp. at 1567.

Not only did Plaintiffs know the identity of Defendants before expiration of the limitations period -- justifying the district court's refusal to allow relation back under Rule 15(c) -- Plaintiffs also should have known that Defendants would be proper parties to the suit, that is, persons arguably liable for the alleged wrongdoing.[8] To know that Defendants may have been liable for the wrongdoing, Plaintiffs need only have known that

---

[8]**In the light of the law and circumstances, Plaintiffs did know or should have known very early that Defendants could be proper parties. The same law and circumstances would give Defendants no reason to believe that they were omitted from the original complaint on account of mistake, as opposed to some kind of strategic choice by Plaintiffs. See Fed.R.Civ.P. 15(c)(3)(B). Thus for this reason too, the attempted amendment should not relate back to the date of that original complaint.**

Defendants were, in fact, control persons of Stuart-James. See generally Brown v. Enstar Group, Inc., 84 F.3d 393 (11th Cir. 1996). No showing of intentional wrongdoing is necessary. Plaintiffs, in their original complaint, alleged the fraudulent manipulation of certain stocks on an institutional scale.[9] So, the control persons involved with the stock brokerage company were known to be potential defendants as early as 1987. Thus, it was not clearly erroneous for the district court to find that Plaintiffs not only knew Defendants' identity, but also knew of a claim against Defendants, and that Plaintiffs elected not to sue these individuals.

---

[9]For example, in Plaintiffs' original complaint in 1987, Plaintiffs alleged that the fraudulent securities transactions were conducted by Stuart-James employees "acting within the scope of their employment" and "with the knowledge, consent, direction and full cooperation and approval of STUART JAMES." Such cooperation and approval could only be given by those in charge of Stuart-James, the control person Defendants.

Consistent with these facts, the district court found that, throughout the litigation, Plaintiffs knew of the potential role Defendants played in the alleged wrongdoing and did include facts in their original complaint that would support a claim against Defendants;[10] yet Plaintiffs did not seek to name Defendants until Plaintiffs learned that Stuart-James was going out of business and might be facing insolvency. The district court had every reason to find that the decision not to name the control persons of this company was a conscious choice by Plaintiffs; the pertinent proposed amendment was not due to the kind of mistaken identity addressed by Rule 15(c).

The district court found that no mistake of identity had been made that would entitle Plaintiffs to relation back under Rule 15: Plaintiffs made "a deliberate decision" not to sue individual Defendants. These findings are not clearly

---

[10]Plaintiffs' deposed Defendant Geman as early as April 1988. During this deposition, Geman was asked about the management structure at Stuart-James.

14

erroneous.  Cf. Andrews, 140 F.3d at 1409 (recognizing that if supported by evidence in the record a district court's preliminary factual findings made to apply Rule 15(c) will probably stand).  And based on these factual findings, the district court properly denied relation back and did not abuse its discretion.  Plaintiffs' claims against Defendants are time barred.

AFFIRMED.