HOEVELER, Senior District Judge,
concurring, dubitante:
I agree with the well developed opinion of the majority with one exception. As I read Rule 15(c)(3), its emphasis is on the potential prejudice to a newly named defendant — both subparts (c)(3)(A) and (c)(3)(B) address the new defendant’s “notice” and whether that defendant “knew or should have known” that the action would have been brought against him but for a “mistake” concerning the identity of the proper party.
The weight of the law as reflected in several other circuits[1] seems to be that a determination as to whether a “mistake” occurred is a prerequisite to permitting relation back of an amendment. In those circuits, the test is straightforward: if plaintiff lists a “John Doe” defendant, it is due to a lack of knowledge — not a mistake — -and therefore does not qualify under Rule 15(c)(3).[2] Our case is presented somewhat differently. Wayne’s original pro se complaint included information about the “seven unknown deputy sheriffs” he listed as defendants, with a description of their specific actions or locations and the time and date of the incident. So we can presume that the deputies probably had notice and that no prejudice would be involved — or, at least, that factual inquiry may have established this. I wonder if in the case before us the question of prejudice and notice should be given greater weight than in the case where a plaintiff lacks substantial information as to the right parties to sue. While in the latter case, the weight given to the “mistake” determination is justified; in our case— and others like it, in which a plaintiff has used improper names, but nevertheless reasonably identified the defendants, the emphasis should, I submit, be placed on notice and prejudice to the defendants. An adherence to a narrow interpretation of the term “mistake” seems misplaced.
Consistent with liberal pleading requirements, an imprecise naming of a defendant does not in all cases prohibit relation back. It seems peculiar to permit relation back when a plaintiff is so lacking in knowledge that he sues the wrong entity or doesn’t sue all possible defendants, but not to permit relation back when a plaintiff gets the entities right, but doesn’t completely name them. I would have preferred that a finding have been made below regarding the notice or potential prejudice to the deputy sheriffs. Indeed a factual inquiry in the district court may well have established that based on the notice to the defendants in question and the lack of prejudice, they were — in fact — “before the court” and that the amendment was merely to change the name under which they were sued. Powers v. Graff, 148 F.3d 1223, 1226 (11th *1108 Cir.1998) (citing Worthington v. Wilson, 8 F.3d 1253, 1256 (7th Cir.1998)). While I concur in the result reached by the majority I am moved to suggest, as I have, that in the future a broader treatment of the rule may be in order.

. But see Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 174-75 (3d Cir.1977).

. We suggest, in Itel Capital Corp. v. Cups Coal Co., 707 F.2d 1253, 1258 n. 9 (11th Cir.1983), that the word "mistake” should be construed liberally. I take that to mean that the concept "mistake” may be flexible depending upon the circumstances. In Itel it is clear a "new” party was added as a defendant but his addition was permitted because he had clear notice and suffered no prejudice by the addition.