Gregory BASKIN, Plaintiff–Appellant,

v.

CITY OF DES PLAINES, a Municipal Corporation, and Bruce Sotirakis, individually and in his official capacity, Defendants–Appellees.

No. 97–2430.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 18, 1998.

Decided March 17, 1998.

Jonathan C. Goldman (submitted), Chicago, IL, for Plaintiff–Appellant.

Gregory E. Rogus, Segal, McCambridge, Singer & Mahoney, Chicago, IL, for Defendants–Appellees.

Before POSNER, Chief Judge, and RIPPLE and KANNE, Circuit Judges.

RIPPLE, Circuit Judge.

Gregory Baskin sued the City of Des Plaines and Officer Bruce Sotirakis under 42 U.S.C. § 1983. Mr. Baskin alleges that Officer Sotirakis, a member of the Des Plaines Police Department, violated his constitutional

rights during a police stop in January 1995. In the district court, both defendants moved to dismiss Mr. Baskin's second amended complaint. *See* Fed.R.Civ.P. 12(b)(6). On May 7, 1997, the district court granted the defendants' motions. For the reasons set forth in the following opinion, we affirm the judgment of the district court.

## I

### BACKGROUND

On November 22, 1996, Mr. Baskin filed a complaint under 42 U.S.C. § 1983, alleging that the City of Des Plaines and unknown police officers violated his constitutional rights during a traffic stop on January 26, 1995. On February 10, 1997, Mr. Baskin filed an amended complaint which was essentially identical to his first complaint and which continued to designate as defendants the City of Des Plaines and unknown police officers. Finally, on March 13, 1997, Mr. Baskin filed a second amended complaint. In that complaint, Mr. Baskin once again named the City of Des Plaines as a defendant and added a specifically identified individual defendant, Officer Bruce Sotirakis.

In his second amended complaint, Mr. Baskin alleged that on January 26, 1995, at 2:15 p.m., Officer Sotirakis pulled him over for a traffic stop. Mr. Baskin alleged that, during the course of this stop, Officer Sotirakis subjected him to arbitrary and threatening conduct, assault and excessive force. In addition, he contends that Officer Sotirakis conducted an unreasonable search of his vehicle in violation of the Fourth Amendment. Mr. Baskin further alleges that the City of Des Plaines ratified the conduct of Officer Sotirakis by refusing to accept any complaint from him and by failing to take any disciplinary action against Officer Sotirakis.

On April 9, 1997, Officer Sotirakis filed a motion to dismiss based on Mr. Baskin's failure to name him as a defendant prior to the expiration of the statute of limitations. He contended that the relation back provision of Rule 15(c)(3) of the Federal Rules of Civil Procedure was inapplicable. Two weeks later, the City of Des Plaines filed its motion to dismiss based on Mr. Baskin's failure to plead properly a § 1983 action against a municipal defendant. On May 7, 1997, the district court granted both motions. Mr. Baskin appeals that ruling to this court.

## II

### DISCUSSION

■ This case is before the court on appeal of the district court's grant of judgment on the pleadings. *See* Fed.R.Civ.P. 12(b)(6). In reviewing the district court's ruling, therefore, we must take the allegations of the pleadings as true. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Caremark, Inc. v. Coram Healthcare Corp.,* 113 F.3d 645, 648 (7th Cir.1997).

### A.

■ We turn first to Officer Sotirakis' motion to dismiss. In that motion, Officer Sotirakis sought dismissal of Mr. Baskin's second amended complaint because it was filed after the expiration of the statute of limitations and it does not relate back to the date of Mr. Baskin's original complaint under Rule 15(c)(3) of the Federal Rules of Civil Procedure. In § 1983 actions, the federal courts adopt the forum state's statute of limitations for personal injury claims. *See Wilson v. Garcia,* 471 U.S. 261, 280, 105 S.Ct. 1938, 1949, 85 L.Ed.2d 254 (1985). Accordingly, under Illinois law, Mr. Baskin's § 1983 claim against Officer Sotirakis is subject to a two-year limitations period. See 735 ILCS 5/13–202; *see also Kelly v. City of Chicago,* 4 F.3d 509, 511 (7th Cir.1993). In his original complaint, filed within the limitations period, Mr. Baskin named the City of Des Plaines and certain unknown police officers as defendants. However, Mr. Baskin did not name Officer Sotirakis as a defendant until he filed his second amended complaint on March 13, 1997–approximately six weeks after the expiration of the statute of limitations. Thus, Mr. Baskin's § 1983 claim against Officer Sotirakis survives only if the filing of his second amended complaint relates back to the filing of his original complaint under Rule 15(c)(3).

It has long been the law in this circuit that Rule 15(c)(3) permits an amendment to relate back to the original complaint only "'where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake.'" *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir.1993) (quoting *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir.1980)). Accordingly, it is equally well established that Rule 15(c)(3) "'does not permit relation back where ... there is a lack of knowledge of the proper party.'" *Id.*; *see also Delgado–Brunet v. Clark*, 93 F.3d 339, 344 (7th Cir.1996). In fact, this court has emphasized that Rule 15(c)(3) contains a separate "mistake" requirement. *See Worthington*, 8 F.3d at 1257; *Wood*, 618 F.2d at 1230. Indeed, "in the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of Rule 15(c)(2) [now Rule 15(c)(3) ] whether or not the purported substitute party knew or should have known that the action would have been brought against him." *Wood*, 618 F.2d at 1230.

In this case, Mr. Baskin did not make a mistake concerning Officer Sotirakis' identity when he filed his original complaint; he simply did not know the identity of the police officer who pulled him over on January 26, 1995. Accordingly, when Mr. Baskin later amended his complaint to name Officer Sotirakis as a defendant, that amendment did not relate back to the filing of his original complaint. Thus, because Mr. Baskin did not amend his complaint to name Officer Sotirakis as a defendant until after the statute of limitations had expired, the district court properly dismissed his complaint against Officer Sotirakis as untimely.[1]

### B.

We turn next to the motion to dismiss filed by the City of Des Plaines ("the City"). In its motion, the City sought dismissal of Mr. Baskin's second amended complaint on the ground that Mr. Baskin failed to plead sufficient facts to hold the City liable under § 1983. Although a municipality is subject to suit under § 1983, respondeat superior liability will not suffice to impose § 1983 liability on the City. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978). Instead, "it is when the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* The case law recognizes three ways in which a municipality can be said to have violated an individual's constitutional rights: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and

---

1. In urging us to reverse the district court's dismissal of his complaint, Mr. Baskin relies heavily on *Donald v. Cook County Sheriff's Department*, 95 F.3d 548 (7th Cir.1996). In *Donald*, a pro se prisoner plaintiff sought to bring a § 1983 action against certain individual jailers. In his first complaint, however, Mr. Donald did not name the individual defendants, but instead named only the Sheriff's Department. *See id.* at 551. Mr. Donald later sought to amend his complaint to name the individual defendants, but the district court denied his motion because the amendment adding the new defendants would have been untimely and would not have related back under Rule 15(c)(3). *See id.* at 559. This court reversed the district court's decision and remanded the case for a determination of whether any of the individual defendants had "'such notice of the institution of the action that [they] will not be prejudiced in maintaining a defense on the merits.'" *Id.* at 561 (quoting Fed. R. Civ. P. 15(c)(3)).

The situation presented by this case is clearly different from that presented in *Donald*. In that case, the plaintiff satisfied the "mistake" requirement of Rule 15(c)(3)—he filed his original complaint under the mistaken impression that he could effectively sue the individual defendants by naming the Sheriff's Department. *See id.* at 560. By contrast, in this case, Mr. Baskin simply did not know the name of the proper defendant. Furthermore, in *Donald*, the plaintiff was a pro se plaintiff and, as such, should have been given special consideration by the district court. *See id.* at 555. In this case, Mr. Baskin was represented by counsel and thus was entitled to no such special consideration. Instead, Mr. Baskin "must bear the consequences of his ... procedural lapses and mistakes in pleading, even if the result is the denial of relief which is otherwise well-deserved." *Id.* at 554.

well settled as to constitute a custom or usage with the force of law; (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 735 (7th Cir.1994) (internal citations and quotations omitted).

In this case, Mr. Baskin clearly does not allege any facts supporting the first two instances in which a municipality may be held liable under § 1983. His second amended complaint does not allege that Officer Sotirakis acted pursuant to an express policy of the City of Des Plaines. Moreover, in his response to the City's motion to dismiss, Mr. Baskin acknowledges that he "is unable to allege that Sotirakis's actions were part of a pattern or series of inappropriate conduct." R.21 at 1. Accordingly, in order to survive the City's motion to dismiss, Mr. Baskin's second amended complaint must contain allegations sufficient to support the conclusion that his "constitutional injury was caused by an individual with final policymaking authority." *Baxter*, 26 F.3d at 735. In the district court and before this court on appeal, Mr. Baskin relies primarily on the argument that Officer Sotirakis' unconstitutional conduct may be attributed to the City because the officer's actions were ratified by city officials. In that sense, Mr. Baskin argues, his constitutional injury was caused by individuals with final policymaking authority. We have recognized previously that "[s]upervisory liability may attach ... where a supervisor, with knowledge of a subordinate's conduct, approves of the conduct and the basis for it." *Kernats v. O'Sullivan*, 35 F.3d 1171, 1182 (7th Cir.1994); *see Wilson v. City of Chicago*, 6 F.3d 1233, 1240 (7th Cir.1993) (failing to eliminate practice cannot be equated with approving it; rather "[d]eliberate or reckless indifference to complaints must be proved in order to establish that an abusive practice has actually been condoned and therefore can be said to have been adopted by those responsible for making municipal policy"), *cert. denied*, 511 U.S. 1088, 114 S.Ct. 1844, 128 L.Ed.2d 470 (1994); *Cygnar v. City of Chicago*, 865 F.2d 827, 847 (7th Cir.1989) (official with final policymaking authority must actually have participated in the constitutional wrongdoing; failure by policymaking official

to take corrective action is insufficient in and of itself to show § 1983 liability); *see also Fiorenzo v. Nolan*, 965 F.2d 348, 351 (7th Cir.1992) (collecting cases).

Paragraph 11 of Mr. Baskin's second amended complaint reads:

11. When plaintiff subsequently attempted to file a complaint, ... the City refused to accept any complaint or to take any action against Sotirakis. The City's inaction encouraged Sotirakis and the other officers to continue in their unreasonable, arbitrary and threatening conduct, thereby establishing a policy of allowing its officers to violate an individual's civil rights without fear of being disciplined.

R.12 at para. 11. Even when taken as true and construed liberally, this allegation does not set forth a situation that would justify the imposition of liability against the City under § 1983. Mr. Baskin does not allege that Officer Sotirakis himself was a policymaker; nor does he allege that a city official with final policymaking authority acknowledged Officer Sotirakis' conduct and approved of it. As discussed above, it is well settled that a plaintiff seeking to establish a § 1983 claim against a municipality based on a "ratification" theory must allege that a municipal official with final policymaking authority approved the subordinate's decision and the basis for it. *See Kernats*, 35 F.3d at 1182. Moreover, the case law has made it clear that a plaintiff cannot establish a § 1983 claim against a municipality by simply alleging that the municipality failed to investigate an incident or to take punitive action against the alleged wrongdoer. *See Wilson*, 6 F.3d at 1240; *Cygnar*, 865 F.2d at 847. Yet, Mr. Baskin alleges no more. Thus, the district court correctly dismissed Mr. Baskin's § 1983 claim against the City for failure to state a claim.

## Conclusion

For the reasons set forth in the foregoing opinion, we affirm the judgment of the district court.

AFFIRMED.