146 F.3d 468
 Dane EISON, Plaintiff-Appellant,
v.
Otha McCOY, Officer, also known as T.C., S. Kuprianczyk,
Officer, also known as Cronie, also known as Pac
Man, Edward L. Jackson, also known as
Pac Man, et al., Defendants-Appellees.
 No. 97-2348.
 United States Court of Appeals,
Seventh Circuit.
 Argued Feb. 18, 1998.
Decided June 2, 1998.
Rehearing Denied July 7, 1998.
 
 Barbara J. Clinite (argued), Chicago, IL, for Plaintiff-Appellant.
 Lawrence Rosenthal, Jean Dobrer (argued), Benna R. Solomon, Eileen Elen Rosen, Patricia T. Bergeson, Office of the Corporation Counsel, Appeals Division, Chicago, IL, for Defendants-Appellees.
 Before POSNER, Chief Judge, and RIPPLE and KANNE, Circuit Judges.
 RIPPLE, Circuit Judge.
 
 
 1
 Dane Eison brought suit under 42 U.S.C. § 1983 alleging in two counts that certain Chicago police officers violated his Fourth Amendment rights. On February 5, 1997, the district court dismissed Count I of the complaint as time barred, dismissed certain defendants because they had never been served and dismissed Count II with respect to all but one defendant. On May 7, 1997, the court dismissed conditionally the remaining claim in Count II for want of prosecution because Mr. Eison had failed to comply with discovery requests. When Mr. Eison continued not to comply with discovery, the dismissal became final on May 21, 1997. Mr. Eison now appeals from the court's February 5, 1997 order. For the reasons set forth below, we affirm in part and reverse in part the judgment of the district court. We remand the case for further proceedings.
 
 
 2
 * BACKGROUND
 
 
 3
 On June 17, 1996, Dane Eison filed a complaint alleging two counts under 42 U.S.C. § 1983. The counts provide that, on two different occasions, Mr. Eison, a paraplegic, was detained, harassed and physically assaulted by Chicago police officers without any justification. The complaint names as defendants officers "whose proper names are presently unknown to Plaintiff, and who are known by the nicknames T.C.; Cronie, Pac Man; and Crater Face." R.1 at 1.
 
 
 4
 In Count I of the complaint, Mr. Eison alleges that, on June 16, 1994, he was in Chicago traveling on a sidewalk in his wheelchair to a pay phone. Mr. Eison claims that police officers stopped him, searched his person, verbally abused him and, without probable cause, arrested him and held him in custody for 24 hours. Mr. Eison claims that he was injured in the process of the arrest and during his detention.
 
 
 5
 In Count II of the complaint, Mr. Eison claims that, on December 16, 1995, he was in the same vicinity in Chicago waiting to use a pay phone. He alleges that two police officers known as T.C. and Pac Man approached him and told him to "get off the street." R.1 at 5. Mr. Eison contends that he explained that he was waiting to use a pay phone; in response, T.C. allegedly said "I don't care," and struck Mr. Eison in the head with his flashlight. R.1 at 5-6. Mr. Eison alleges that Pac Man watched and encouraged this assault.
 
 
 6
 On July 24, 1996, the district court granted Mr. Eison's motion to amend his complaint. That motion was filed "to correct the names of the Defendants." R.2 at 1. The amended complaint identified as defendants "Officer Otha McCoy, a/k/a T.C., Officer Jerry Wilson, a/k/a Crater Face, Officer Kuritski, Officer N. Lymperis, Officer S. Kuprianczyk, a/k/a Cronie and Pac Man." Count I was amended to include McCoy, Lymperis, Kuritski, Kuprianczyk and Wilson in the allegations, and Count II was amended to include McCoy, Kuprianczyk, Lymperis and Kuritski in the allegations.
 
 
 7
 Three of the defendants subsequently filed a motion to dismiss the complaint. On February 5, 1997, the court dismissed Count I of the complaint on the ground that it was time barred. Specifically, the court determined that the original complaint was insufficient because the defendants were only identified by aliases. Moreover, the amendments to the complaint adding the names of the officers occurred after the statute of limitations had expired. Consequently, the court held that the allegations in Count I were timely only if the amendments related back to the time of filing of the original complaint, in accordance with Rule 15(c)(3) of the Federal Rules of Civil Procedure. The court concluded that the requirements of Rule 15(c)(3) were not satisfied and it dismissed that count of the complaint.
 
 
 8
 The court also dismissed Count II with respect to all defendants except Otha McCoy. In addition, the court refused to permit Mr. Eison to add defendant Edward L. Jackson to that count because that amendment was time barred for the same reasons that applied to Count I. Finally, the court also dismissed defendant Jerry Wilson and defendant Kuritski from the case on the ground that they had never been served.[1]
 
 
 9
 The sole remaining claim in the case, the allegation in Count II against Officer Otha McCoy, was dismissed conditionally on May 7, 1997, for want of prosecution on the ground that Mr. Eison failed to comply with discovery.[2] The court gave Mr. Eison until May 21, 1997, to comply with the outstanding discovery requests in order to stave off the dismissal. However, Mr. Eison failed to comply with discovery by that date and the dismissal became final. Mr. Eison appeals the district court's decision to dismiss Count I of his amended complaint and its decision to refuse the addition of Edward Jackson to Count II.
 
 II
 DISCUSSION
 
 10
 This case comes to us on appeal from dismissal of the complaint for failure to state a claim. See Fed.R.Civ.P. 12(b)(6). We review de novo a district court's decision to jettison a case at this nascent stage. See Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir.1997). A complaint " 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). For purposes of our review, we, like the district court, must take all of the allegations in the complaint as true and give the plaintiff the benefit of all reasonable inferences that may be drawn therefrom. See id.
 
 A.
 
 11
 We first address the issue of the dismissal of Count I of the complaint on statute of limitations grounds. In § 1983 actions, federal courts adopt the forum state's statute of limitations for personal injury claims. See Baskin v. City of Des Plaines, 138 F.3d 701, 702-03 (7th Cir. 1998) (citing Wilson v. Garcia, 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). Under Illinois law, Mr. Eison's claims are subject to a two-year statute of limitations period. See id. (citing 735 ILCS 5/13202). The incident in Count I was alleged to have occurred on June 16, 1994; the complaint was timely filed on the last possible day--June 17, 1996 (June 16 was a Sunday). However, the district court held that this complaint was insufficient because it identified the defendants only with nicknames and because no service of process had been achieved on that complaint. Mr. Eison's amended complaint, which identified the defendants with proper names, was filed after the expiration of the limitations period. Accordingly, the court determined that the claim in Count I of the complaint could be deemed timely only if Mr. Eison's subsequent amendment related back to the time of the original filing pursuant to Rule 15(c)(3).[3] The court held that Rule 15(c)(3) was not satisfied and accordingly dismissed Count I as time barred.
 
 
 12
 Mr. Eison assails this decision on two fronts. First, he argues that his original complaint adequately identified the defendants. If this is true, Mr. Eison asserts, the subsequent amendment of that complaint adding the proper names of the defendants merely clarified the names of the parties and did not change the parties to the suit or add additional parties. Because such a clarification is formal and not substantive in nature, Rule 15(c)(3) is not implicated and there is no need to find that the amendments relate back to the time of filing. Alternatively, Mr. Eison asserts that if the original complaint was inadequate to identify the parties, the requirements of Rule 15(c)(3) are met in this case. Therefore, maintains Mr. Eison, the amendments relate back to the time of the original filing and the claim is not barred by the statute of limitations. We shall address these contentions.
 
 1.
 
 13
 We are unpersuaded by Mr. Eison's arguments that the original complaint adequately identified the parties and that this situation is one involving mere misnomer or mislabeling. Mr. Eison relies on cases involving corporate misidentification such as Datskow v. Teledyne, Inc., Continental Products Division, 899 F.2d 1298 (2d Cir. 1990), cert. denied, 498 U.S. 854, 111 S.Ct. 149, 112 L.Ed.2d 116 (1990), for the proposition that the name changes that he made in his amended complaint were merely a matter of form and do not implicate Rule 15(c)(3). In Datskow, the plaintiffs identified the "corporate entity as 'Teledyne, Inc.,' whereas the correct name of the corporate defendant is 'Teledyne Industries, Inc.' " Id. at 1301. The court held that the "complaint sufficiently alerted Teledyne Industries, Inc. that it was the corporation being sued so that this case may be categorized as one of mislabeling." Id. at 1302. Here, Mr. Eison did not name the correct parties in the original complaint with only a slight error in form. The original complaint identified four Chicago police officers only by nebulous aliases--T.C., Cronie, Pac Man and Crater Face; the subsequent amendment replaced these designations with five proper names. The aliases used in the original complaint did not provide notice to the individuals that were sued of the pendency of the claims against them; no summonses were issued and no officers were served on the basis of the original complaint. In addition, the nicknames certainly were not sufficient to enable a police force that employs in excess of 17,000 individuals to determine which of its employees were being named as defendants.
 
 
 14
 We think it clear that this situation is not one that falls under the rubric of "misnomer" that may be corrected without implicating Rule 15(c)(3). In Wood v. Worachek, 618 F.2d 1225, 1229 (7th Cir.1980), the court described a misnomer situation as one in which "the proper defendant is already before the court and the effect [of the amendment] is merely to correct the name under which he is sued." Here, the defendants were never before the court on the basis of the original complaint. Rather, we believe this circumstance is directly akin to those cases in which "John Doe" or "unknown police officers" are sued and the complaint is later amended to specify the identity of the party. See, e.g., Baskin, 138 F.3d 701, 702-05. We think that Mr. Eison's amendment to the original complaint is properly characterized as an effort to "change[ ] the party or the naming of the party against whom a claim is asserted" under Rule 15(c)(3).
 
 2.
 
 15
 Mr. Eison next argues that, even if his complaint failed to sufficiently identify the defendants, the amended complaint relates back to the time of filing of the original complaint under Rule 15(c)(3). However, this is not the case. We have recently reconfirmed that "Rule 15(c)(3) permits an amendment to relate back to the original complaint only 'where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake.' " Baskin, 138 F.3d 701, 704-705 (quoting Worthington v. Wilson, 8 F.3d 1253, 1256 (7th Cir.1993) (quoting Wood, 618 F.2d at 1230)). Moreover, we have held consistently that Rule 15(c)(3) does not provide for relation back when the reason the original complaint is insufficient is a simple lack of knowledge of the identity of the proper party. See id.
 
 
 16
 In Baskin, the original complaint identified the City of Des Plaines and "unknown police officers" as the defendants. Baskin subsequently amended the complaint to name a specific officer after the statute of limitations had expired. In holding that the amendment did not relate back under Rule 15(c)(3), we explained that "Mr. Baskin did not make a mistake concerning Officer Sotirakis' identity when he filed his original complaint; he simply did not know the identity of the police officer who pulled him over." Id.; see also Worthington, 8 F.3d at 1257 (holding that naming "unknown police officers" in complaint was "due to a lack of knowledge as to their identity, and not a mistake in their names"; consequently Rule 15(c)(3) did not permit relation back). Similarly, it is apparent here that Mr. Eison did not make a mistake in naming Pac Man and others as defendants in his original complaint; instead, he simply did not know the identity of those officers and was forced to file without the required information in an attempt to avoid the expiration of the limitations period. Rule 15(c)(3) does not allow relation back in these circumstances. Therefore, the amended complaint containing the proper names of the defendants does not relate back to the time of filing of the original complaint. Because Mr. Eison filed the amended complaint after the statute of limitations had run, the district court correctly dismissed Count I of the complaint as time barred.
 
 B.
 
 17
 Mr. Eison also appeals from the district court's decision not to allow the amendment to Count II of the complaint specifying Edward L. Jackson as the actual name of Pac Man. The district court held that "Eison's attempt to amend his complaint in this manner is untimely and improper for the same reasons that require dismissal of Count I." R.25 at 6. We review the district court's decision to deny Mr. Eison's motion to amend his complaint for abuse of discretion. See Diersen v. Chicago Car Exch., 110 F.3d 481, 488 (7th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 178, 139 L.Ed.2d 119 (1997). A district court abuses its discretion when it "makes an error of law or when it makes a clearly erroneous finding of fact." United States v. Silva, 140 F.3d 1098, 1100-01 n. 4 (7th Cir. 1998) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)).
 
 
 18
 Mr. Eison contends that this decision was erroneous because the incident alleged in Count II occurred on December 16, 1995--over a year after the incident alleged in Count I. Consequently, Mr. Eison maintains, even if the original complaint was deficient, the amended complaint filed on December 23, 1996, permissibly named Edward Jackson for the first time in the action because the statute of limitations had not expired with respect to Count II. Because the addition of Jackson was timely, there was no need for relation back of that amendment under Rule 15(c)(3). We agree that the district court erred in refusing to permit, on statute of limitations grounds, the addition in Count II of Edward L. Jackson as the legal name of Pac Man.
 
 
 19
 Although this error is conceded by the defendants, they argue that it is harmless in light of the fact that Count II subsequently was dismissed for want of prosecution.[4] The district court dismissed all that remained of the case (Count II against Officer McCoy) in May 1997 because Mr. Eison consistently failed to comply with discovery. The defendants maintain that, because Mr. Eison's case ultimately was dismissed for want of prosecution, any error with respect to the denial of Mr. Eison's amendment to Count II was harmless. In light of Mr. Eison's failure to respond to interrogatories and his refusal to appear for a deposition, the defendants assert that there is no reason to believe the outcome would have been any different if the court had added Edward Jackson to Count II of the complaint.
 
 
 20
 In response, Mr. Eison argues that the error cannot be justified as harmless because it may have affected his view of the value of continuing to devote time and energy to the case. If more of the case remained than the single claim against Officer McCoy, he would have had a greater incentive to comply with discovery and to prosecute diligently his case. In Mr. Eison's view, because the error may have affected the outcome of the case, it cannot be deemed harmless.
 
 
 21
 We do not believe that there is any justification for reinstating the claim against Officer McCoy. The district court dismissed it for want of prosecution and it ought not be revived simply on the speculation that Mr. Eison would have been more cooperative if two officers, rather than one, remained defendants. We believe, however, that the claim against Officer Jackson stands on a different footing. We lack the clairvoyance to ascertain whether Mr. Eison would have prosecuted this claim diligently if the district court had not erred in refusing the amendment of Count II. Perhaps Mr. Eison indeed would have complied with discovery requests on the belief that the claim against Officer Jackson was worth his time. Because we cannot say what the outcome would have been, we cannot characterize, in this appellate setting, the error as harmless. In short, because Eison never had an opportunity to litigate against Jackson, we need to give him the right to do so. Eison had an opportunity to litigate against McCoy and did not use it; he ought not get another chance. We therefore remand that claim to the district court for further proceedings. If Mr. Eison fails to prosecute diligently the claim against Officer Jackson, the district court can determine, at that juncture, whether the claim ought to be dismissed.
 
 Conclusion
 
 22
 Mr. Eison's use of nicknames in his original complaint was inadequate to the task of notifying the parties of the claims against them. The subsequent amendments were adequate but were made after the statute of limitations had run. Because the changes in party names were not the result of a mistake, but only lack of knowledge, the amendments did not relate back to the time of original filing under Rule 15(c)(3) and the district court properly dismissed Count I of the complaint. However, the court erred in refusing to permit the amendment of a party name in Count II on those same grounds because the statute of limitations had not run with respect to the incident alleged in that count. Accordingly, that decision is reversed and the claim against Officer Jackson is remanded to the district court for further proceedings. The defendants-appellees may recover the costs of this appeal.
 
 
 23
 AFFIRMED in part, REVERSED in part and REMANDED.
 
 
 
 [1]
 These individuals were not served because the Chicago Police Department reported that no officers with those names were employed by it
 
 
 [2]
 The district court already had dismissed the case for want of prosecution in September 1996 because Mr. Eison twice had failed to appear for status hearings. Eison filed a motion to vacate the dismissal, and that motion was granted "on the representation that the case will be diligently prosecuted." R.13
 
 
 [3]
 Rule 15(c) of the Federal Rules of Civil Procedure provides in part:
 Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
 ....
 (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
 (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
 
 
 [4]
 Mr. Eison submitted a motion to this court to strike the portion of the defendants' brief that addresses this issue. The motion urges us not to consider the arguments of the defendants with respect to the denial of the amendment on the ground that they do not represent Officer Edward Jackson and that he has not consented to or asked for this representation with respect to his case. Although we acknowledge that Officer Jackson is not represented by the defendants, we need not strike any portion of their brief because we would have undertaken a harmless error analysis even in the absence of the arguments made to that effect by the defendants