**Michael A. KING, Plaintiff–Appellant,**

v.

**ONE UNKNOWN FEDERAL CORRECTIONAL OFFICER, Defendant–Appellee.**

No. 98–4098.

United States Court of Appeals, Seventh Circuit.

Argued May 12, 1999.

Decided Jan. 10, 2000.

Stephen L. Williams (argued), Mann, Chaney, Johnson, Goodwin & Williams, Terre Haute, IN, for Plaintiff–Appellant.

Gerald A. Coraz (argued), Office of the United States Attorney, Indianapolis, IN, for Defendant–Appellee.

Before COFFEY, RIPPLE and ROVNER, Circuit Judges.

COFFEY, Circuit Judge.

In December 1992, Michael King ("King"), an inmate at the federal penitentiary in Terre Haute, Indiana, was assaulted and injured by other inmates in a prison stabbing. In October 1994, King filed a *Bivens* action against "one unknown federal correctional officer," alleging a violation of his Eighth Amendment rights stemming from the unknown officer's failure both to prevent the attack and to aid King during the attack. *See Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

King was unable to identify the allegedly culpable correctional officer before the statute of limitations for his *Bivens* claim expired in December 1994. The identity of the defendant officer remains unknown. In November 1998, the trial judge concluded that even if King were able to identify the proper defendant, an amended complaint naming that defendant would not relate back to King's earlier timely-filed complaint. The district court dismissed King's *Bivens* action *sua sponte* as time barred. We affirm.

## I. BACKGROUND

### A. The Prison Attack

At approximately 9:00 a.m., on the morning of December 19, 1992, King, an inmate at the United States Penitentiary in Terre Haute, Indiana ("USP–Terre Haute"), was attacked by two other inmates while asleep in his bed. The attackers stabbed King three times in his chest and neck with homemade prison "shanks."[1] After initial emergency treatment in the prison infirmary, King was transferred to the Terre Haute Regional Hospital, and returned to USP–Terre Haute the following day. Following an investigation by the

---

1. "Shank" is vernacular for a prison-made weapon such as a knife. *Cf. United States v.*

*Thurston,* 771 F.2d 449, 451 (10th Cir.1985).

Special Investigative Services unit of the prison, King's attackers, Martin Vargas and Frank Munoz, were charged with and found guilty of attempted murder.

On October 19, 1994, King filed a *pro se* action in the Southern District of Indiana against "one unknown federal correctional officer."[2] King sought damages under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), alleging that on the morning of his attack, an unknown federal correctional officer stationed near King's cell exhibited "deliberate indifference" in failing to protect King from his attackers. King alleged that this deliberate indifference constituted a violation of his Eighth Amendment rights. *See Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995). On November 4, 1994, King amended his complaint in an attempt to delineate how the unknown officer created a substantial risk of bodily harm to King. King explained that one of his attackers, Munoz, was an inmate in J-unit while King was an inmate in D-unit. King alleges that the unknown defendant correctional officer was deliberately indifferent in both allowing Munoz to enter D-unit unchecked for weapons and furthermore for failing to respond to King's screams during the attack.

**B. Attempts to Identify the Proper Defendant**

Initially, King attempted to identify the correctional officer whom he alleged was deliberately indifferent to his safety via several unsuccessful Freedom of Information Act ("FOIA") requests to various offices of the United States Bureau of Prisons ("BOP").[3] Consequently, King did not know the name of the allegedly culpable correctional officer either at the time he filed his original complaint or at the time he filed his amended complaint.

Despite the fact that King was unable to identify the correctional officer whom he claimed was deliberately indifferent by the time the statute of limitations for his *Bivens* action expired, the case remained active and King continued to file several motions. For example, on December 11, 1995, King filed a motion for limited discovery, and on January 23, 1996, he filed a motion for production of the correctional officers' work roster for the day of the attack. The district court denied both motions, citing the sensitive nature of the BOP records.

The district court, appreciating King's predicament, on its own motion came to an agreement with the BOP whereby the court itself would review the sensitive BOP records *in camera*. After conducting an *in camera* inspection of the relevant records, the trial judge determined that the appropriate defendant was Lt. T. Huckleberry ("Huckleberry"). On March 15, 1996, the judge directed that Huckleberry be served with a summons and complaint. Huckleberry was served on April 18, 1996. In spite of the district court's determination that Huckleberry was the proper defendant, even before service was obtained, King wrote a letter to the court on April 8, 1996, explaining that Huckleberry was not the proper defendant. King's search for the proper defendant continued.

In October 1997, the court granted the motion of attorney Christopher Shema ("Shema") to enter a limited appearance on King's behalf and at the same time issued a proposed order that would have allowed Shema to view the BOP records *in camera*. But in February 1998, the trial judge, after further consideration, reversed his prior ruling and refused to per-

---

**2.** Several days before he filed his complaint in U.S. District Court, on October 15, 1994, King filed an administrative tort claim against the Bureau of Prisons ("BOP"). The BOP denied King's claim on December 22, 1994.

**3.** One of King's FOIA requests was partially successful. In response to King's April 1993 request, the BOP identified 37 pages of relevant records. But, citing the sensitive nature of those records, released only seven pages to King.

mit Shema's inspection of the BOP records. Instead, the trial judge notified Shema that, based on his own *in camera* review of the BOP records, the proper defendant was probably Correctional Officer L. Suttler.[4] On March 13, 1998, Shema notified the court that he would not represent King. King subsequently informed the court that Suttler, like Huckleberry, was not the proper defendant.

On June 25, 1998, the district court appointed new counsel for King, attorney Stephen Williams and at the same time issued a proposed order that would allow Williams to inspect the BOP records. Once again, the BOP objected to an inspection by King's counsel. Instead of ruling on the BOP's objection to the proposed order, the district court issued King an "Order to Show Cause" why the case ought not be dismissed as time barred. On October 30, 1998, King responded. On November 5, 1998, almost four years after the expiration of the statute of limitations, the court *sua sponte* dismissed King's action with prejudice as time barred by the applicable two-year statute of limitations. We affirm.

## II. ISSUE

On appeal, King contends that the trial judge erred in dismissing his *Bivens* action because although the statute of limitations had expired, were King to file an amended complaint naming the proper defendant, under Rule 15(c) that amendment would relate back to his original timely-filed complaint.

## III. ANALYSIS

### A. Standard of Review

■ We review the district court's dismissal of King's *Bivens* claim for failure to comply with the applicable statute of limi-

tations *de novo. See, e.g., Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 669 (7th Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 890, 142 L.Ed.2d 788 (1999); *Delgado–Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir.1996); *Woods v. Indiana Univ.–Purdue*, 996 F.2d 880, 884 (7th Cir.1993).

### B. The Statute of Limitations

■ We determine the statute of limitations for *Bivens* actions as we determine the statute of limitations for § 1983 actions. *See Lewellen v. Morley*, 875 F.2d 118, 119 (7th Cir.1989); *Bieneman v. City of Chicago*, 864 F.2d 463, 469–70(7th Cir. 1988). The statute of limitations for both § 1983 and *Bivens* actions is determined by the statute of limitations for personal injury actions in the state where the incident forming the basis of the claim occurred. *See Wilson v. Garcia*, 471 U.S. 261, 275, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Eison v. McCoy*, 146 F.3d 468, 470 (7th Cir.1998); *Baskin v. City of Des Plaines*, 138 F.3d 701, 702–03 (7th Cir. 1998); *Delgado–Brunet*, 93 F.3d at 342. The prison attack which forms the basis of King's claim occurred at the USP–Terre Haute, Indiana. Thus, King's claim is governed by Indiana's two-year statute of limitations for personal injuries. *See Hoosier Bancorp of Indiana, Inc. v. Rasmussen*, 90 F.3d 180, 182 (7th Cir.1996); *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir.1994); Ind. Code § 34–11–2–4. The prison attack and stabbing occurred on December 19, 1992. Thus, the statute of limitations for King's *Bivens* action expired as of December 19, 1994.

King filed his original complaint on October 14, 1994. King then filed an amended complaint on November 4, 1994. Both pleadings name the defendant as "one unknown federal correctional officer." King, to date, has never identified the proper defendant in either of the complaints filed.

---

4. The original trial judge reviewed the BOP records in March 1996, and identified Huckleberry as the likely defendant. In January 1997, King's case was transferred to another district judge and subsequently to a magistrate judge who in turn reviewed the BOP records and identified Suttler as the likely defendant. According to King, both judges mistakenly identified the proper defendant.

Were King to now file a second amended complaint naming the proper defendant, that pleading would be time-barred and futile unless, pursuant to Fed.R.Civ.P. 15(c)(3), it "relates back" to King's earlier timely-filed complaint.

## C. Relation Back Under Rule 15(c)(3)

King argues that he ought to be permitted further discovery in order to identify the proper defendant. But King's argument is misplaced. Because the statute of limitations for King's *Bivens* action has expired long ago, whether or not King can discover the identity of the proper defendant at this point is irrelevant unless his amended complaint naming that defendant "relates back" to his original complaint filed before the expiration of the statute of limitations.

■ Rule 15(c)(3) allows amended pleadings to relate back to the date of the original pleading when:

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if [the same claim is asserted] and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment

(A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and

(B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c)(3). We have interpreted Rule 15(c)(3) to permit an amendment to relate back to the original complaint only where "there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *See Baskin,* 138 F.3d at 704 (quoting *Worthington v. Wilson,* 8 F.3d 1253, 1256 (7th Cir.1993))(quoting *Wood v. Worachek,* 618

F.2d 1225, 1230 (7th Cir.1980)). Moreover, we have emphasized that the mistake requirement is independent from whether the purported substitute party knew that action would be brought against him. *See Baskin,* 138 F.3d at 704; *Wood,* 618 F.2d at 1230.

■ King has not satisfied this mistake requirement. King did not mistakenly sue the wrong party. Nor did he mistakenly sue the BOP instead of suing an individual BOP officer. Rather, King had (and still has) "a simple lack of knowledge of the identity of the proper party." *See Baskin,* 138 F.3d at 704–05.

We have consistently held that Rule 15(c)(3) does not provide for relation back under circumstances, such as here, in which the plaintiff fails to identity the proper party. *See, e.g., id.* at 704; *Eison,* 146 F.3d at 472; *Delgado–Brunet,* 93 F.3d at 344; *Worthington,* 8 F.3d at 1256–57; *Wood,* 618 F.2d at 1230; *Sassi v. Breier,* 584 F.2d 234, 235 (7th Cir.1978). Instead, we have held that Rule 15(c)(3) provides for relation back only as "a means for correcting the mistakes of plaintiffs suing official bodies in determining which party is the proper defendant." *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 560 (7th Cir.1996) (citing Advisory Committee Note to the 1966 Amendment to Rule 15(c)); *see also Lojuk v. Johnson,* 853 F.2d 560, 562–63 (7th Cir.1988). King's "simple lack of knowledge" does not fit into the parameters of these decisions. Thus, even were King to identify the proper defendant at this time, an amended complaint naming that defendant would not relate back because King has not satisfied Rule 15(c)(3)'s mistake requirement. An amended complaint would be futile because it would be barred by the statute of limitations.

## D. The Applicability of *Donald's* Relaxation of the Requirements for Relation Back

King contends that even if he has not satisfied the standard requirements under Rule 15(c)(3) for an amended complaint to

relate back, those requirements ought to be relaxed in this case pursuant to our decision in *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548 (7th Cir.1996).

In *Donald*, a *pro se* plaintiff brought a § 1983 suit against the Cook County Sheriff's Department rather than naming individual jail officers as defendants.[5] *See id.* at 551. Later, after the Sheriff's Department filed a motion to dismiss, Donald realized his mistake and tried to amend his complaint to name individual officers as defendants. *See id.* at 552, 557–58. But the statute of limitations had already expired. *See id.* at 551–52. The district court "refus[ed] to allow Donald to amend his complaint to add the individual defendants," *see id.* at 553–54, and dismissed Donald's original complaint because under *Monell v. Dep't of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), it did not state a claim against the Sheriff's Department. *See Donald*, 95 F.3d at 551.

We reversed the district court's dismissal of Donald's § 1983 action because the trial judge failed to assist Donald, who was proceeding *pro se*, in amending his complaint to name the proper defendants. *Id.* at 554–55. We held that the trial judge should have permitted Donald to file an amended complaint—but only because Donald satisfied the mistake requirement for relation back under Rule 15(c). *See Donald*, 95 F.3d at 560; *Baskin*, 138 F.3d at 704 n. 1.

■ King's reliance on *Donald* is misplaced. In contrast to *Donald*, where Donald's proposed amendment was not discernibly[6] futile, King's proposed amendment would be certainly futile. King, as discussed above, failed to satisfy Rule 15(c)'s mistake requirement for relation

back. We hold that it would have been pointless for the district court in this case to permit King to file an amended complaint where such an amendment would be time-barred.

## IV. CONCLUSION

King filed his original complaint before the expiration of the statute of limitations, but that pleading was insufficient because it failed to name the proper defendant responsible for his injuries. The statute of limitations expired in December 1994. Were King to now file an amended complaint naming the proper defendant, we hold that such a pleading would not relate back to the timely-filed original complaint. An amended complaint would, thus, be barred by the statute of limitations.

Accordingly, the district court's dismissal of King's *Bivens* claim is

Affirmed.

---

5. Donald alleged that while he was incarcerated in the Cook County Department of Corrections, jail officials took his heart medication away from him and that two days later he suffered a massive heart attack. *See Donald,* 95 F.3d at 551–52.

6. While we held that Donald satisfied the mistake requirement for relation back, we re-

manded the case for a determination of whether any of the individual defendants had " 'such notice of the institution of the action that [they] will not be prejudiced in maintaining a defense on the merits.' " *See Donald,* 95 F.3d at 561 (quoting Fed. R. Civ. P. 15(c)(3)).