

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-29-2006

# Mishra v. Fox

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1211

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Mishra v. Fox" (2006). *2006 Decisions.* Paper 550.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/550

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 06-1211

_____

AKHIL KUMAR MISHRA,
Appellant

v.

BARRY W. FOX,
Government Witness

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00692)
District Judge: Honorable Thomas M. Hardiman

_____

Submitted Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 2, 2006

Before: RENDELL, AMBRO and ROTH, Circuit Judges.

(Filed: August 29, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Appellant, Akhil Mishra, appeals the District Court's order granting Appellee

Fox's motion to dismiss his complaint, liberally construed as an action filed in accordance

with Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), pursuant to Fed. R. Civ. P. 12(b)(6).

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over a District Court 's order dismissing a complaint under Rule 12(b)(6).  We will affirm a dismissal for failure to state a claim if we can "say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d Cir. 1996)(quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  For essentially the reasons set forth by the District Court, we will affirm.

In his complaint, Mishra alleged that Fox testified falsely at appellant's criminal trial and that, as a result of Fox's testimony, Mishra was convicted on June 30, 2000, of offering drug paraphernalia for sale.  The District Court properly concluded that Mishra's complaint failed to state a claim insofar as Appellee Fox is entitled to absolute immunity from suit in connection with his testimony at Mishra's criminal trial, see Brisco v. LaHue, 460 U.S. 325, 345-46 (1983), and, moreover, that Mishra's claims are barred by the applicable limitations period.  See Napier v. Thirty or More Unidentified Federal Agents, 855 F.2d 1080, 1087 (3d Cir. 1988); Kost v. Kozakiewicz, 1 F3d 176, 190 (3d Cir. 1993) (citing Wilson v. Garcia, 471 U.S. 261 (1985)).  See also King v. One Unknown Fed. Correctional Officer, 201 F.3d 910, 913 (7th Cir.2000) (noting that same state statute of

2

limitations applies to all <u>Bivens</u> and § 1983 claims).  These conclusions hold true despite

Mishra's contentions that Appellee Fox's fabricated trial testimony was based on various

"investigative periods," and regardless of Mishra's assertion that he has recently suffered

immigration-related consequences from his 2000 conviction.  <u>See</u> <u>Hughes v. Long</u>, 242

F.3d 121, 125 (3d Cir. 2001), <u>citing</u> <u>Briscoe</u>, 460 U.S. at 341, 345-46 (noting that

witnesses, including public officials and private citizens, are protected by immunity from

civil actions based upon their testimony); <u>Sameric Corp. of Del. v. City of Phila.</u>, 142

F.3d 582, 599 (3d Cir.1998) (claim accrues when the plaintiff knows, or has reason to

know, of the injury that forms the basis of the action).

Accordingly, because the District Court properly dismissed Mishra's complaint

and no substantial question is presented by this appeal, we will grant appellee's motion

and summarily affirm the order of dismissal.  <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.