

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-17-2008

# Bernard Brown v. A.D. Tollackson

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2128

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Bernard Brown v. A.D. Tollackson" (2008). *2008 Decisions.* Paper 525.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/525

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-268 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2128
_____

BERNARD BROWN,

Appellant

v.

A.D. TOLLACKSON

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-1094)
District Judge:  Honorable William J. Nealon

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 7, 2008

Before:  BARRY, CHAGARES AND GREENBERG, <u>CIRCUIT</u> <u>JUDGES</u>.

(Opinion filed: September 17, 2008)
_____

OPINION
_____

PER CURIAM

    Bernard Brown, a prisoner proceeding pro se, appeals an order of the United States

District Court for the Middle District of Pennsylvania granting summary judgment to the

defendant, A.D. Tollackson, a prison official at FCI-Allenwood. On appeal, Tollackson seeks summary affirmance of the District Court's order, and Brown seeks summary reversal.

Brown, who is incarcerated at FCI-Allenwood, filed a Bivens complaint against Tollackson, alleging that Tollackson had violated his federal civil rights. Brown alleges that, in 2004, Tollackson denied him access to the prison staff photocopier when the inmate photocopier was out of service, and that Tollackson discouraged Brown from talking to the warden about the issue. Brown alleges that Tollackson's refusal to permit him access to the staff photocopier compromised his legal representation.

Brown also alleges that Tollackson refused to permit Brown's wife to visit him, purportedly on account of her criminal history. Brown asserts that this explanation was a pretext for discrimination, as prison officials at other facilities had previously permitted Brown's wife to visit him, despite their knowledge of her criminal history. Brown requested the assistance of Mr. Kos, his unit counselor, in obtaining clearance for his wife's visits. Kos indicated that Brown's wife had not filled out the appropriate visitor form. Brown alleges that his wife submitted another letter from her probation officer, permitting the visit. Tollackson ordered Kos to forward the letter to him. Tollackson thwarted the clearance process and then allegedly told Brown that it was not his fault that Brown's wife "is a criminal."

The parties cross-moved for summary judgment. Tollackson sought summary judgment on the basis that the statute of limitations on Brown's claims had expired and that Brown had failed to exhaust his administrative remedies. Brown responded that the statute of limitations with respect to his wife's visits should be tolled because the full harm did not accrue until 2006, when his wife filed for divorce. The District Court denied Brown's motion and granted Tollackson's motion.

We agree that Brown's claims are time-barred. The statute of limitations for a Bivens claim, as for claims arising under 42 U.S.C. § 1983, is borrowed from the forum state's personal injury statute. See Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); King v. One Unknown Fed. Corr. Officer, 201 F.3d 910, 913 (7th Cir. 2000) (same statute of limitations applies to actions under Bivens and § 1983). In Pennsylvania, the statute of limitations for personal injury actions is 2 years. 42 Pa. C.S.A. § 5524. Therefore, Brown had two years from the time each claim accrued to file suit.

Brown's first claim, regarding Tollackson's refusal to permit him to use the staff photocopier, accrued in 2004. Brown does not contend that he did not or could not know of the harm at the time it occurred. As Brown did not file suit until January 16, 2007, his first claim is time-barred. As to his second claim, Brown contends that Tollackson refused to permit his wife to visit him in 2003 and 2004. In his response in opposition to summary judgment, Brown contends that the statute of limitations on his second claim should be tolled because his claim did not accrue until 2006, when his wife divorced him.

The complaint alleges that Brown was harmed in 2003 and 2004 when his wife was not permitted to visit. His cause of action accrued not at the time of his divorce, but when visitation was denied. Therefore, Brown's second claim is also time-barred.

Even if we were to determine that the statute of limitations did not begin to run until Brown's wife filed for divorce in 2006, Brown's claim would still fail due to his failure to exhaust. Failure to exhaust under the PLRA is an affirmative defense, and the plaintiff has no obligation to plead exhaustion in the complaint. Ray v. Kertes, 285 F.3d 287, 297-98 (3d Cir. 2002). However, exhaustion may be properly raised on a motion for summary judgment. Where, as here, the defendant submits evidence at the summary judgment stage indicating that the plaintiff failed to exhaust his administrative remedies, Def't. Mot. for Summ. J., Ex. 1, the plaintiff must come forward with rebuttal evidence to avoid summary judgment. Brown concedes in his opposition brief that he failed to exhaust his administrative remedies with respect to his second claim, but he contends that exhaustion would have been futile. Futility does not excuse the PLRA's exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000). Therefore, the District Court could not have reached the merits of Brown's second claim, in any event.

As this appeal presents no substantial question, we will grant appellee's motion for summary affirmance. 3d Cir. L.A.R. 27.4 and I.O.P. 10.6. Appellant's motions for summary reversal and for appointment of counsel are denied.