NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4542
_____

MOSHEN OMAR,
Appellant

v.

SCOTT BLACKMAN, Former Acting District Director Philadelphia District US
Immigration and Naturalization Service; KENNETH JOHN ELWOOD, Former Acting
District Director Philadelphia District US Immigration and Naturalization Service;
THEODORE NORDMARK, Assistant District Director for Deportation and Detention
Philadelphia District US Immigration and Naturalization Service; STEVEN
FARQUHARSON, District Director Boston District US Immigration and Naturalization
Service; KENT FREDERICK, Chief Counsel Philadelphia District; FRED J.
MCGRATH, Chief Counsel Boston District; HELEN MOORE, Senior Counsel Office of
Chief Counsel Boston District; JAMES SLOVIK, US Department of Homeland Security;
JOHN/JANE DOE, US Department of Homeland Security/US Immigration and
Naturalization Service Philadelphia District; CHARLES COBBS, US Department of
Homeland Security Boston District; KAREN-ANNE HAYDON, US Department of
Homeland Security Boston District; DAO L. KUREK, US Department of Homeland
Security Boston District; JAMES LARNER, US Department of Homeland Security
Forensic Document Laboratory; JASON B. DOE, US Department of Homeland Security;
JOHN/JANE DOE, US Department of Homeland Security Boston District
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. 2-10-cv-01071)
District Judge: Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 8, 2014

Before: FISHER, JORDAN and HARDIMAN, *Circuit Judges*.

(Filed:  October 9, 2014)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Moshen Omar appeals the District Court's order granting the defendants' motion to dismiss his federal civil rights claims because they were time-barred.  For the reasons stated below, we will affirm.

## I.

We write principally for the parties, who are familiar with the factual context and legal history of this case.  Therefore, we will set forth only those facts that are necessary to our analysis.

A native of Egypt, Omar arrived in the United States in 1990 and was granted lawful permanent resident status in 1994.  During the course of Omar's subsequent naturalization process, the former Immigration and Naturalization Service (INS) investigated an apparent forgery on Omar's 1994 petition to remove the conditions on his residency.  Based on the evidence of forgery, the INS initiated removal proceedings, and because Omar failed to attend his removal hearing, the immigration judge presiding issued an *in absentia* removal order against him.  In February 1998, INS agents arrested Omar pursuant to the removal order, and he was not released from INS custody until March 1999.

After his release, Omar continued to challenge the basis for his removal with little success until he directly challenged the evidence of forgery by submitting his own expert report asserting that the allegedly forged signature was in fact authentic. Based on this new evidence, a different immigration judge reopened his removal proceedings, and on April 14, 2006, the immigration judge terminated Omar's removal proceedings.

On April 10, 2008, Omar's attorney sent letters to the chief counsel of the United States Immigration and Customs Enforcement (ICE) in Philadelphia and Boston, asserting Omar's right to relief under the Federal Torts Claims Act and under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). On September 11, 2009, ICE notified Omar that his claims were denied, and that he could sue the United States within six months of the date on the letter denying his claims.

Omar filed a complaint in federal court on March 11, 2010. He later amended his complaint, asserting various claims under 42 U.S.C. §§ 1983, 1985, and 1986 as well as under *Bivens* against individual defendants allegedly involved in his removal proceedings and detention. On September 23, 2013, the District Court dismissed Omar's claims for lack of jurisdiction because it found that all his claims were time-barred by the applicable limitations periods and that equitable tolling should not apply.

## II.

We have jurisdiction to review the District Court's order pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's dismissal of Omar's claims

3

on statute of limitations grounds.  *Lake v. Arnold*, 232 F.3d 360, 365 (3d Cir. 2000).  We assume the truth of the facts alleged in the complaint and draw all reasonable inferences from those facts in favor of Omar, as the non-moving party below.  *Id.*[1]

### III.

The first issue we must decide is the limitations periods that govern Omar's various claims.  Section 1986 expressly provides that claims must be filed "within one year after the cause of action has accrued."  For §§ 1983 and 1985 actions, "we look to the general, residual statute of limitations for personal injury actions" from the state where the federal court sits unless the state limitations period is inconsistent with the Constitution or federal law.  *See Lake*, 232 F.3d at 368.  We must also account for the state's tolling rules.  *Id.*  The same rules apply to *Bivens* actions.  *See Napier v. Thirty or More Unidentified Fed. Agents*, 855 F.2d 1080, 1087 (3d Cir. 1988); *see also King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000).  Therefore, in Pennsylvania, actions brought under §§ 1983 and 1985 and *Bivens* are subject to a two-year limitations period.  *See* 42 Pa. Cons. Stat. § 5524.

---

[1] We note at the outset that the District Court improperly concluded that, because Omar's claims were untimely, it lacked jurisdiction.  We have consistently applied equitable tolling principles to federal civil rights claims.  *See, e.g.*, *Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000).  In doing so, we have shown that the statute of limitations applicable to these claims is not jurisdictional.  *Cf. Shendock v. Dir., Office of Workers' Comp. Programs*, 893 F.2d 1458, 1466 (3d Cir. 1990) ("Equitable tolling or estoppel simply is not available when there are jurisdictional limitations.").  But even if the District Court erred, "we may still uphold its decision if correct under the appropriate standard of review."  *S.H. v. State-Operated Sch. Dist. of City of Newark*, 336 F.3d 260, 271 (3d Cir. 2003).

4

The next question—when Omar's claims accrued—is determined by reference to federal law. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Id.* (internal alterations, quotation marks, and citations omitted).

We need not dwell on the details of Omar's individual claims because, as the District Court correctly recognized, the absolute latest his claims could have accrued was April 14, 2006, the date his removal proceedings were terminated and the latest date with any relevance to his claims. Therefore, the limitations period for all Omar's claims expired nearly two years before he filed his complaint on March 11, 2010.

Omar contends that the District Court erred by failing to consider the effect of 42 Pa. Cons. Stat. § 5522 in deciding that his claims were time-barred. According to Omar, the statute of limitations should have tolled when he sent letters to ICE in April 2008. We disagree. Section 5522 provides that potential plaintiffs must give notice to government units they plan to sue within six months of their injury. It also provides for a six-month limitations period for actions against government officials, but this limitations period does not apply to Omar's claims. *See Knoll v. Springfield Twp. Sch. Dist.*, 763 F.2d 584, 585 (3d Cir. 1985). Section 5522 says nothing about tolling the limitations periods that apply here, and we decline to expand it to save Omar's claims.

Nor can equitable tolling save Omar's claims from being time-barred. "Equitable tolling is a rare remedy to be applied in unusual circumstances." *Wallace*, 549 U.S. at 396. It is only appropriate "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (internal quotation marks omitted). To obtain the benefit of equitable tolling, a party also must show that "she exercised due diligence in pursuing and preserving her claim." *Id.* Omar does not allege that either the first or second basis for equitable tolling applies here; rather, he contends that he mistakenly pursued his claims in the wrong forum when he sent his claims notification letters to ICE in April 2008.

Specifically, Omar argues that the District Court erred by failing to consider that, even if he erroneously relied on § 5522's notice requirement, his error warranted equitable relief because it led him to file his claims in the wrong forum. Even if § 5522 applied to Omar's claims, which it does not, his claims letters to ICE did not meet its requirement of providing notice within six months of his injury. Nor do the letters make any reference to § 5522. Under these circumstances, we cannot say that Omar exercised due diligence in proceeding as he did.

6

We also disagree with the premise of Omar's argument: that he pursued his claims in the wrong forum. Omar's letters to ICE initially sought damages under the FTCA, which required him to present his claim to the relevant agency within two years of his claim's accrual and initiate a lawsuit within six months of the agency's mailing of notice of final denial of his claim. *See* 28 U.S.C. §§ 2401(b), 2675(a). The agency was therefore the correct forum for Omar's FTCA claim. Even though Omar's ICE letters also referred to *Bivens* claims, nothing prevented him from initiating his independent claims under §§ 1983, 1985, and 1986 or *Bivens* in federal court before or during the pendency of ICE's review of his FTCA claim. Tolling the statute of limitations to save parallel claims that do not require exhaustion of administrative remedies would unjustifiably extend the statute of limitations for those claims. *See Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 466 (1975). Omar's is, at best, "a garden variety claim of excusable neglect," *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), not the rare case that calls for application of equitable tolling.[2]

---

[2] Omar's final contention is that the District Court erred by dismissing his claims against the non-moving defendants. The District Court reasoned that Omar abandoned these claims because there was no evidence that he had attempted to effectuate service on the non-moving defendants. Omar urges us to vacate this part of the District Court's order because he should have been given an opportunity to show good cause to excuse his failure to serve these defendants. *See* Fed. R. Civ. P. 4(m). The Government argues that the District Court simply noted the lack of evidence of service on the non-moving defendants but did not dismiss the claims against these defendants. We find that any error committed by the District Court was harmless because, as stated above, all Omar's claims are time-barred against all defendants involved in his removal proceedings.

7

Accordingly, we agree with the District Court and conclude that Omar's claims are time-barred and that equitable tolling does not apply to save his claims.

IV.

For the reasons set forth above, we will affirm the order of the District Court.