

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-18-2005

# Wooden v. Eisner

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1725

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Wooden v. Eisner" (2005). *2005 Decisions*. Paper 678.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/678

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-338                                                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

NO. 05-1725

———————————

HERMAN WOODEN, JR.,
Appellant

v.

CASE MANAGER, SUSAN EISNER,
LSCI Allenwood

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-00190)
District Judge:  Honorable Yvette Kane

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
August 11, 2005

Before:  RENDELL, FISHER AND VAN ANTWERPEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed August 18, 2005)

_____

OPINION

_____

PER CURIAM.

Herman Wooden, Jr., an inmate at the Federal Correctional Institution in Fairton,

New Jersey ("FCI-Fairton"), filed a <u>pro</u> <u>se</u> complaint pursuant to <u>Bivens v. Six Unknown</u>

<u>Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), against numerous

prison officials. The District Court found that the complaint did not comply with Federal Rule of Civil Procedure 20, but granted Wooden leave to amend it, cautioning him that failure to properly amend would result in dismissal of all claims except the one against defendant Susan Eisner, a case manager at FCI-Fairton. Thereafter, the District Court twice-granted Wooden an extension of time to file an amended complaint. When Wooden failed to properly amend, the District Court dismissed all claims except that against Eisner. In his surviving claim, Wooden alleged that Eisner denied Wooden access to the courts by failing to give him time off from his work detail to prepare an appeal for his 28 U.S.C. § 2255 motion.

Eisner filed a motion to dismiss, contending that Wooden failed to file his complaint within the applicable two-year statute of limitations, and that Wooden failed to exhaust administrative remedies. The District Court granted Eisner's motion to dismiss, finding that because Wooden did not properly allege a 42 U.S.C. § 1985 conspiracy, the five-year statute of limitations in § 1985 does not apply. Moreover, it found that Wooden knew or should have known of the alleged injury, at the latest, on June 10, 2000, when the Fourth Circuit Court of Appeals denied rehearing on the appeal of Wooden's § 2255 motion. Therefore, applying the two-year statute of limitations, the District Court dismissed the complaint as time-barred. Wooden filed a motion for reconsideration, further contending that his cause of action did not accrue until December 2002 when he was "definitely" put on notice that a wrong has been committed and was entitled to

2

redress. The District Court rejected this argument, and denied the motion.

Wooden timely filed this appeal. He has been granted leave to proceed in forma pauperis on appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. When an appellant proceeds in forma pauperis, we must dismiss the appeal if it is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A frivolous appeal has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). After a careful review of the record, we will dismiss this appeal as frivolous.

As the District Court explained, a Bivens claim in which the plaintiff is alleging personal injury has a two-year statute of limitations. See Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); King v. One Unknown Fed. Correctional Officer, 201 F.3d 910, 913 (7th Cir. 2000) (noting that same state statute of limitations applies to all Bivens and § 1983 claims); 42 Pa. Cons. Stat. § 5524. A Bivens claim accrues when the plaintiff knows, or has reason to know, of the injury that forms the basis of the action. Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). Wooden's action against Eisner accrued, at the latest, on June 10, 2000, upon the Fourth Circuit Court of Appeals' denial of rehearing on the appeal of Wooden's § 2255 motion. Because Wooden filed the instant action on January 31, 2003, he was beyond the statutory period, and thus his Bivens claim against the Eisner was properly dismissed as time barred.

In conclusion, because Wooden's appeal lacks arguable merit in fact or law, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

3