BLD-045                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3303
_____

GARETH E. LOMAX,
                                        Appellant

v.

UNITED STATES OF AMERICA
SENATE ARMED FORCES SERVICE COMMITTEE;
SENATE ARMED FORCES APPROPRIATIONS COMMITTEE;
SECRETARY OF DEFENSE;
ADMIRAL MIKE MULLEN, Chair; Joint Chiefs of Staff;
MICHELE FLOURNOY, Under Secretary for Defense Policy;
VICE ADMIRAL JAMES P. "PHIL" WISECUP, Office of the Inspector General;
SECRETARY OF THE NAVY;
ADMIRAL GARY ROUGHEAD, Chief of Naval Operations
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 11-cv-00988)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
November 17, 2011
Before:  SCIRICA, SMITH AND CHAGARES, Circuit Judges

(Filed: December 5, 2011)

_____

OPINION OF THE COURT
_____

PER CURIAM.

Gareth Lomax appeals an order of the United States District Court for the Western District of Pennsylvania dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B). Appellees have filed a motion seeking summary affirmance of the District Court's order. We grant the motion and will affirm the District Court's order.

I.

In July 2011, Lomax filed a complaint under 42 U.S.C. § 1983 in the District Court against the United States Senate Armed Services Committee and several leaders of the armed forces. Lomax alleged that he had endured racial discrimination while serving in the United States Navy between 1988 and 1991 and that this discrimination caused him to be deprived of the Congressional Medal of Honor award. Lomax asked the District Court to order a United States Department of Defense investigation into his military service. Lomax seeks the investigation in order to: 1) correct errors in his military service record caused by the alleged racial discrimination; and 2) determine his eligibility for the Congressional Medal of Honor.

The District Court sua sponte dismissed Lomax's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Lomax timely appealed.

II.

We have appellate jurisdiction under 28 U.S.C. § 1291, and our review is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). A court may dismiss a complaint as frivolous under § 1915(e)(2)(B)(i) if the action "lacks an arguable basis

2

either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). We may summarily affirm a district court's judgment if the appeal does not raise a substantial question. <u>See</u> Third Cir. LAR 27.4; I.O.P. 10.6. We may affirm on any basis supported by the record. <u>Hedges v. Musco</u>, 204 F.3d 109, 116 (3d Cir. 2000).

The District Court properly dismissed Lomax's complaint. Lomax purported to proceed under 42 U.S.C. § 1983. As the District Court noted, to state a claim under section 1983 a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). The District Court correctly determined that Lomax's complaint fails to allege that any of the defendants were acting under color of state law.

The District Court did not abuse its discretion in dismissing the complaint without leave to amend because we agree that amendment of Lomax's complaint would have been futile. <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Even if Lomax's claims against the federal officials were construed as challenges under <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), they are time-barred.[1] The statute of limitations for a <u>Bivens</u> claim, as for claims arising under section 1983, is borrowed from the forum state's personal injury statute. <u>See</u> <u>Wilson v. Garcia</u>, 471 U.S.

---

[1] <u>Bivens</u> allows a plaintiff to bring a claim against federal officers acting under color of law for violations of that individual's constitutional rights. <u>Id.</u> at 397. However, <u>Bivens</u> claims do not lie against the federal government or federal agencies. <u>See</u> <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 486 (1994).

3

261, 266-67 (1985); <u>King v. One Unknown Fed. Corr. Officer</u>, 201 F.3d 910, 913 (7th Cir. 2000) (same statute of limitations applies to actions under <u>Bivens</u> and § 1983).

In Pennsylvania, the statute of limitations for personal injury actions is two years. 42 Pa. C.S.A. § 5524. Here, the incidents underlying Lomax's complaint occurred before 1992, making it apparent from the face of the complaint that the two-year statute of limitations expired well before he filed suit in 2011. Lomax conceded in his complaint that his claims are likely untimely and, although he argues that his claims should be equitably tolled, he does not provide any basis for doing so.[2] In light of the above, the District Court did not err in dismissing Lomax's complaint with prejudice.

Based on the foregoing, we conclude that no substantial question is presented in this appeal, and that summary action is appropriate. <u>See</u> Third Circuit LAR 27.4. Accordingly, we grant the Appellees' motion for summary action and will summarily affirm the District Court's order. <u>See</u> Third Circuit I.O.P. 10.6.

---

[2] Equitable tolling is appropriate where: (1) a defendant actively misleads a plaintiff with respect to her cause of action; (2) the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) the plaintiff asserts her claims in a timely manner but has done so in the wrong forum. <u>See</u> <u>Lake v. Arnold</u>, 232 F.3d 360, 370 n.9 (3d Cir. 2000).