DLD-135                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4262
_____

ENRIQUE TORRUELLA-TORRES,

Appellant

v.

FORT DIX FCI; FEDERAL BUREAU OF INVESTIGATION;
UNITED STATES DEPARTMENT OF JUSTICE
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-16-cv-00920)
District Judge:  Honorable Sue L. Robinson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 16, 2017

Before: CHAGARES, VANASKIE and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 9, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Enrique Torruella-Torres appeals, pro se and in forma pauperis, the District Court's sua sponte dismissal of his Bivens action as time-barred, and denial of leave to amend. Because no substantial question is presented, we will summarily affirm.

In October 2016, Enrique Torruella-Torres filed a complaint in the United States District Court for the District of Delaware. He alleged that, while incarcerated at FCI Fort Dix in May 2014, he suffered injuries at the hands of a former co-defendant against whom he had previously cooperated with the government. And he alleged that his presence in that prison, and subsequent injuries, were attributable to the Department of Justice, Bureau of Prisons, and Fort Dix Correctional Institution's unconstitutional conduct. The District Court sua sponte dismissed the complaint as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), holding that Torruella-Torres' claim was barred by the applicable statute of limitations. The District Court also denied leave to amend due to futility. Torruella-Torres timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the dismissal of Torruella-Torres' claim as frivolous. See Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). The decision to deny leave to amend is reviewed for abuse of discretion. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010). We may affirm on any grounds supported by the record. Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

While the running of the statute of limitations is ordinarily an affirmative defense, a court may dismiss a time-barred complaint sua sponte if it is obvious from the face of

2

the complaint and no development of the record is necessary.  See 28 U.S.C. §

1915(e)(2)(B)(i); Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006).  Bivens actions

are subject to a two-year limitations period in both Delaware and New Jersey.[1]  10 Del.

C. § 8119; N.J.S.A. 2A:14-2; see also King v. One Unknown Fed. Corr. Officer, 201 F.3d

910, 913 (7th Cir. 2000).  Bivens claims accrue when the plaintiff knew or should have

known of the injury upon which his action is based.  Sameric Corp. v. City of

Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also Sandutch v. Muroski, 684 F.2d

252, 254 (3d Cir. 1982) (per curiam) (holding that a federal cause of action accrues when

the plaintiff is aware, or should be aware, of the existence of and source of the injury, not

when the potential claimant knows or should know that the injury constitutes a legal

wrong), abrogated on other grounds by Klehr v. A.O. Smith Corp., 521 U.S. 179 (1997).

Torruella-Torres was injured in May 2014.  His complaint states that he

recognized his co-defendant as one of the perpetrators at that time.  Thus he was aware of

the existence and source of his injury in May 2014, even though he alleges he only

discovered Defendants' unconstitutional conduct later, after an investigation.  See

Sameric Corp., 142 F.3d at 599; Sandutch, 684 F.2d at 254.  So, the two-year limitation

period began in May 2014 and expired in May 2016, see Sameric Corp., 142 F.3d at 599,

and Torruella-Torres' October 2016 complaint was late.  This determination is apparent

from the face of the complaint and requires no factual development.  See Fogle, 435 F.3d

---

[1] The District Court considered the limitations period in both states because the complaint was filed in Delaware and the alleged assault occurred in New Jersey.

at 1258.  Thus the complaint was properly dismissed as time-barred.  See id.; 28 U.S.C. § 1915(e)(2)(B)(i); § 1915A(b)(1).  Amendment would be futile because nothing Torruella-Torres could state would change the outcome – he knew who injured him when the injury occurred and did not complain until the time to do so had passed. The District Court was thus within its discretion to deny leave to amend.

Because no substantial question is raised on appeal, we will summarily affirm the District Court's judgment.